**In re Ardath N. JOHNSON and Richard L. Johnson, Debtors.**

**Bankruptcy No. 5–94–00350.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Jan. 10, 1996.

Tracey Benson, Bellefonte, PA, for Debtors.

Donald Hahn, Trustee in Bankruptcy, State College, PA.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

[*Nature of Proceeding:* Trustee's Objection to Exemptions]

The Trustee has filed an objection to the exemption claim of the Debtors. The Debtors have attempted to exempt a tax deferred annuity contract with the Variable Annuity Life Insurance Company ("VALIC") with a value, as of filing, of Twenty–Four Thousand Five Hundred Seventy–Nine and 67/100 Dollars ($24,579.67). The Debtors have claimed this exemption under 11 U.S.C. § 522(d)(10)(E).

The Trustee argues that the Debtors have not shown that any part of this fund is "reasonably necessary for the support of the Debtor and any dependent of the Debtor" citing language in 11 U.S.C. § 522(d)(10)(E) as the operative standard.

The Debtors not only rebut this allegation but have also suggested that the tax deferred annuity contract ("TDAC") was not property of the estate and, therefore, not subject to the Trustee's administration.

In order to exempt property for the benefit of a Debtor, that property must first be considered to be property of the estate. *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). It is therefore logical for us to turn first to the question of whether this TDAC was indeed "property of the estate".

The composition of property of the estate is set forth in 11 U.S.C. § 541, the applicable portions of which are as follows:

§ 541. *Property of the estate.*

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

While probably included in the definition of property of the estate, the above description of property of the estate subjects administra-

tion of that property to the provisions of 11 U.S.C. § 541(c)(2) which states, "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." That paragraph has generally been interpreted to prevent the administration of property subject to an agreement containing an enforceable anti-alienation/anti-assignment provision preventing use of the fund to benefit either the beneficiary or the creditor prior to its maturity. These provisions are typically identified as "spendthrift clauses".

█ While historically there was some doubt as to whether a spendthrift clause had to be enforceable only under *state* non-bankruptcy law, it is now well settled that a spendthrift clause enforceable under either state or federal law is sufficient to protect the fund from administration by a trustee. *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), *Velis v. Kardanis*, 949 F.2d 78 (3rd Cir.1991).

The TDAC in question is tax qualified under the provisions of 26 U.S.C. § 403(b). It does not qualify under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.. If it did, we could conclude, as was done in *Patterson v. Shumate, supra*, the anti-alienation provisions of Section 206 of ERISA (29 U.S.C. § 1056) would be sufficient to exclude the TDAC from case administration.

█ 26 U.S.C. § 403(b) has no specific requirement that the TDAC prohibit assignment or alienation. That is not to say that its use is free from restrictions prior to its maturity. 26 U.S.C. § 403(b)(11) indicates distributions can be paid when an employee attains the age of fifty-nine and one-half (59½) years, separates from service, dies, or becomes disabled. It also indicates that distributions can be made "in the case of hardship". The lack of federal anti-alienation provisions in the statute lead us to conclude that if this TDAC is to be excluded from the estate, it must be excluded under the provisions of state spendthrift law.

I begin my analysis by determining whether the contract in question has enforceable anti-alienation provisions within its provisions.

Section 6.03 of the TDAC does, indeed, include provisions relative to assignability and alienability and reads as follows:

### 6.03 Assignments

A Participant's rights hereunder may not be sold, assigned, discounted, nor pledged as collateral for a loan, nor as security for the performance of an obligation, nor otherwise transferred other than to VALIC (Variable Annuity Life Insurance Company). Unless contrary to law, the values hereunder shall not be subject to any creditor claims.

Whether shielding the TDAC from the claims of creditors is contrary to law has specifically been addressed by Pennsylvania statute as follows:

### § 8124. Exemption of particular property

### (b) Retirement funds and accounts.—

(1) Except as provided in paragraph (2), the following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

(ix) Any retirement or annuity fund provided for under section 401(a), 403(a) and (b), 408 or 409 of the Internal Revenue Code of 1986 (Public Law 99–514, 26 U.S.C. § 401(a), 403(a) and (b), 408 or 409), the appreciation thereon, the income therefrom and the benefits or annuity payable thereunder. This subparagraph shall not apply to:

(A) Amounts contributed by the debtor to the retirement or annuity fund within one year before the debtor filed for bankruptcy.

(B) Amounts contributed by the debtor to the retirement or annuity fund in excess of $15,000 within a one-year period.

(C) Amounts deemed to be fraudulent conveyances. 42 Pa.C.S.A. § 8124.

█ Thus, the Pennsylvania statute specifically exempts Section 403(b) pensions funds such as the TDAC in question from the claims of creditors.

While this may end our inquiry as to whether the TDAC can be excluded from administration, it has not escaped the concern of this court that a debtor "... should not be able to obtain his state exemptions in addition to his federal exemptions merely by invoking Section 541(c)(2)." *In re Atallah*, 95 B.R. 910, 918 (Bkrtcy.E.D.Pa.1989). Nevertheless, a bankruptcy court's individual concepts of equitable adjudication must give way to statutory language determined by both our supreme court and our circuit court to be "plain", "clear", and "not in the least ambiguous". *Patterson v. Shumate, supra, Velis v. Kardanis, supra.*

Reviewing Section 541(c)(2), the TDAC specifically restricts the "transfer" (defined in 11 U.S.C. § 101(54)) of Debtors' beneficial interest in the pensions, which restriction is enforceable pursuant to 42 Pa.C.S.A. § 8124.

Both the *Patterson* and *Velis* courts recognized that Congress demonstrated a specific intention to provide protection against the claims of creditors for a person's interests in pension plans. *Patterson v. Shumate, supra* at p. 765, 112 S.Ct. at p. 2250, *Velis v. Kardanis, supra* at p. 81. *Velis* further explained that an individual's attempt to shelter funds "within the preference period or with intent to defraud creditors, should receive no protection under either section 541(c)(2) or 522(d)(10)(E)". *Velis v. Kardanis, supra* at p. 81. This concern was obviously similar to that expressed by the Pennsylvania legislature, which specifically excluded from the protection of Section 8124(b)(ix), contributions within one (1) year of bankruptcy, contributions in excess of $15,000 within a one-year period, and amounts determined to be fraudulent conveyances.

I, therefore, conclude that a plain reading of 11 U.S.C. § 541(c)(2) excludes from administration the TDAC in question. Technically, this will result in this court sustaining the Trustee's objection to the exemption since the exemption claim under 11 U.S.C. § 522(d)(10)(E) would not be applicable once the property is excluded from the estate. Nevertheless, the fund in question is not subject to administration by the bankruptcy trustee for the reasons stated.