**In re Rodney SNYDER and Shirley Snyder, Debtors.**

**Bankruptcy No. 5–95–01182.**

United States Bankruptcy Court, M.D. Pennsylvania.

July 16, 1996.

Mary Walrath, Philadelphia, PA, for Debtors.

Mark VanHorn, Allentown, PA, for Bowman.

---

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The facts are not in dispute and are stipulated to in document # 65 filed January 9, 1996.

The Debtors, Rodney and Shirley Snyder, trading as Bowman's Super Service, filed for relief pursuant to chapter eleven on July 31, 1995. On Schedule C of their petition, the Debtors claimed as exempt their interest in two separate IRAs in the total amount of Three Thousand Eight Hundred Thirty and 01/100 Dollars ($3,830.01) pursuant to 11 U.S.C. § 522(d)(10).

An objection has been filed to that exemption by the Estate of Wilson R. Bowman, a creditor of the Debtors.

The Debtors have no other pension plan and are both 57 years of age.

 Exemptions are interpreted liberally in favor of the debtor. *In re Kaplan,* 162 B.R. 684 (Bkrtcy.E.D.Pa.1993). The burden of establishing an objection to the exemption is on the objector. *Federal Rule of Bankruptcy Procedure 4003(c).* To be exempt, property first must be identified as part of the debtor's estate. *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). I will thus turn to the first issue as to whether these IRAs should be considered "property of the estate" under 11 U.S.C. § 541.

### § 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Notwithstanding this provision relative to property of the estate, the provisions of Section 541(c)(2) exclude from administration certain property inasmuch as "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." *11 U.S.C. § 541(c)(2).*

That paragraph has generally been interpreted to prevent the administration of property subject to an agreement containing an enforceable anti-alienation/anti-assignment provision preventing use of the fund to benefit either the beneficiary or the creditor prior to its maturity. These provisions are typically identified as "spendthrift clauses".

While historically there was some doubt as to whether a spendthrift clause had to be enforceable only under *state* non-bankruptcy law, it is now well settled that a spendthrift clause enforceable under either state or federal law is sufficient to protect the fund from administration by a trustee. *In re Johnson,* 191 B.R. 75, 77 (Bkrtcy. M.D.Pa.1996) citing *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Velis v. Kardanis,* 949 F.2d 78 (3rd Cir.1991).

 *Patterson v. Shumate, supra.,* concluded that the anti-alienation provisions of the Employee Retirement Income Security Act of 1974 (ERISA) would be sufficient to qualify any retirement plan that would fall within its provisions. Nevertheless, an Individual Retirement Account (IRA) is not "ERISA qualified". *Board of Trustees of Cedar Rapids Pediatric Clinic, P.A. Pension*

*Plan v. Continental Assurance Co.,* 690 F.Supp. 792, 796 (W.D.Ark.1988). In fact, we have not been made aware that the IRA in question has any anti-alienation provisions. Nevertheless, we are aware that the statute compels a significant tax penalty for individuals who withdraw funds from their IRAs prior to reaching the age of 59½. *26 U.S.C. § 72(t).* A penalty is deemed appropriate inasmuch as deposits in the IRA are deductible under the tax laws from taxable income with certain limitations.

■ Moreover, state law provisions exempt IRA accounts from levy by lien creditors. *42 Pa.C.S.A. § 8124(b)(1)(ix).* State law restrictions were sufficient for one court to conclude that an IRA is not subject to administration under the Bankruptcy Code. *In re Yuhas,* 186 B.R. 381 (Bkrtcy.D.N.J. 1995). The *Yuhas* court read *Patterson v. Shumate* as compelling that result by citing *Patterson* for the proposition that Section 541(c)(2) "entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Patterson v. Shumate, supra,* at p. 758, 112 S.Ct. at p. 2246.

■ ERISA plans, by definition, must include restrictions on transfer. *29 U.S.C. § 1056(d)(1).* That is not the case with IRAs. *In re Velis,* 949 F.2d 78, 82 (3rd Cir.1991). *In re Houck,* 181 B.R. 187, 191 (Bkrtcy.E.D.Pa.1995). While there may be tax ramifications, there is no requirement that a debtor refrain from liquidating an IRA account prior to the age of 59½. See *26 U.S.C. § 72(t).*

■ I conclude that a statute *exempting* certain assets from execution is insufficient to *exclude* that asset from estate administration. If it were otherwise, all Pennsylvania exemptions would be excluded from administration regardless of a debtor's election under 11 U.S.C. § 522(b). To so hold would allow a debtor to elect the federal exemptions under 11 U.S.C. § 522(d) while resting assured that all property under its state law exemptions would be excluded from administration. The election of exemptions provided by 11 U.S.C. § 522(b) would be meaningless.

This would lead to an absurd result and thus the statute cannot be so read. *Public Citizen v. U.S. Dept. of Justice,* 491 U.S. 440, 470, 109 S.Ct. 2558, 2575, 105 L.Ed.2d 377 (1989). *K Mart Corp. v. Cartier Inc.,* 486 U.S. 281, 325, 108 S.Ct. 1811, 1834, 100 L.Ed.2d 313 (1988). *Griffin v. Oceanic Contractors,* 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

■ I further find that an IRA account, which is deemed to be a trust under the federal statute (26 U.S.C. § 408), must contain an anti-alienation provision before we could even consider it to be excluded from estate administration. Since there is no allegation that such a provision exists in this IRA, we will agree with the vast majority of courts that the IRA account is, in fact, property of the estate under 11 U.S.C. § 541. *In re Velis,* 949 F.2d 78 (3rd Cir.1991). *In re Van Nostrand,* 183 B.R. 82, 86 (Bkrtcy. D.N.J.1995). *In re Houck,* 181 B.R. 187, 195 (Bkrtcy.E.D.Pa.1995). *In re Brewer,* 154 B.R. 209, 212 (Bkrtcy.W.D.Pa.1993). *In re Atallah,* 95 B.R. 910, 921 (Bkrtcy.E.D.Pa. 1989). *In re Heisey,* 88 B.R. 47 (Bkrtcy. D.N.J.1988).

Having so concluded, I must turn to the next question as to whether this property would qualify under 11 U.S.C. § 522(d)(10)(E) as exempt property. That provision reads as follows.

### § 522. Exemptions.

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

350

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

 I can make certain findings that an Individual Retirement Account is a plan or trust established for purposes of providing retirement protection to typically self-employed individuals. I can further find that the IRA has been specifically established under the provisions of 26 U.S.C. § 408, which would seem to suggest and imply that it was specifically considered by Congress when they drafted the provisions of 11 U.S.C. § 522(d)(10)(E) as evidenced by their reference to section 408 in section 522(d)(10)(E)(iii). I further find that the right to payment of funds under this account is initiated by a request by the depositor for the release of that fund. If that request is made on or after the age of 59½, then no penalty is assessed. On the other hand, if that request is made before the age of 59½, then there will be a tax penalty against the individual making the withdrawal. While I find that these facts appear to suggest that the Debtors have a "right to payment" in the IRA which falls squarely within the provisions of 11 U.S.C. § 522(d)(10)(E) so that I would then continue on with the analysis as to whether these funds are "reasonably necessary for the support of the debtor and any dependent", I am stifled in that pursuit by a clear and unambiguous decision of the Third Circuit Court of Appeals that has analyzed a similar tax penalty for early withdrawal as being sufficient to destroy the debtor's "right to receive a payment". *In re Clark*, 711 F.2d 21 (3rd Cir.1983). Even though this decision has met with much criticism outside of the circuit, I am not free to disregard its rationale. See, for example, *In re Pettit*, 57 B.R. 362, 363 (S.D.Iowa 1985); *In re Bates*, 176 B.R. 104, 107 (Bkrtcy.D.Me.1994); *In re Link*, 172 B.R. 707, 709 (Bkrtcy.D.Mass. 1994); *In re Yee*, 147 B.R. 624, 625 (Bkrtcy. D.Mass.1992); *In re Comp*, 134 B.R. 544, 554 (Bkrtcy.M.D.Pa.1991); and *In re Cilek*, 115 B.R. 974, 978 (Bkrtcy.W.D.Wis.1990).

[T]he decision of a court of appeals is binding on all inferior courts in that circuit. This is so even if a split of opinion exists between the controlling circuit and another circuit court of appeals and the inferior court believes that the controlling circuit court is in error....

This hierarchical dimension of stare decisis is crucial to the efficient operation of the federal judicial system. [Citations omitted.] *In re Taffi*, 144 B.R. 105, 108 (Bkrtcy.C.D.Cal.1992).

I am constrained, therefore, to abide by the rationale of *In re Clark* and conclude that the exemptions under 11 U.S.C. § 522(d)(10)(E) simply cannot extend to the Debtors' IRAs. *In re Brewer*, 154 B.R. 209 (Bkrtcy.W.D.Pa.1993). I nevertheless agree with the concurring opinion of Judge Becker in *In re Clark* wherein he observed that the majority decision "effectively penalizes self-employed individuals for the form in which their retirement assets are held." *In re Clark, supra,* at p. 23.

While I hold that the objection of the Bowman Estate to the exemptions of the Debtors must be sustained, I could not do so without observing that the Third Circuit, while concluding that "Congress intended to provide protection against the claims of creditors for a person's interest in pension plans ..." (*Velis v. Kardanis, supra,* at 82), has expressed that "[A] concern for the debtor's long-term security ... is absent from the statute." (*In re Clark, supra,* at p. 23).

Our Order is attached.

### ORDER

The objection of the Estate of Wilson R. Bowman to the Debtors' exemptions in the IRAs is sustained.