**In re Clifford F. HANEY, Jr., and Margaret S. Haney, Debtors.**

No. 03–21039T.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 21, 2004.

828

Michelle Dewald, Scherline & Associates, Allentown, PA, for Debtors.

Polly Langdon, Frederick L. Reigle, Reading, PA, Chapter 13 Trustee.

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The Chapter 13 Trustee ("Trustee") has filed an objection to confirmation of Debtors' chapter 13 plan, asserting that Debtors failed to include the value of their individual retirement accounts ("IRA accounts") [1] as assets to be distributed under their plan. The Trustee argues that these IRA accounts are property of the estate under 11 U.S.C. § 541(a) and are not subject to exemption by Debtors and that, therefore, the liquidation value of these IRA accounts must be paid into the plan for distribution to unsecured creditors pursuant to 11 U.S.C. § 1325(a)(4). Because we find that these IRA accounts are neither excluded from Debtors' bankruptcy estate under 11 U.S.C. § 541(c)(2) nor subject to exemption by Debtors under 11 U.S.C. § 522(d)(10)(E), we sustain the Trustee's objection to confirmation.

We begin by noting that Section 541(a)(1) of the Bankruptcy Code provides that upon the filing of a bankruptcy petition, an estate is created which consists of "all legal and equitable interests of the debtor in property as of the commencement of the case" except as provided in section 541(b) and section 541(c)(2). 11 U.S.C. § 541(a). *Orr v. Yuhas (In re Yuhas),* 104 F.3d 612, 613 (3rd Cir.1997). Of relevance here is section 541(c)(2) of the Bankruptcy Code, which identifies a narrow category of property that is excluded from the estate, as follows:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbank-

---

1. The Trustee and Debtors agree that each Debtor owns one IRA account, as follows. Debtor, Clifford F. Haney, Jr. owns an IRA account which had a value of $26,771.00 as of the date Debtors filed their chapter 13 bankruptcy petition on March 5, 2003, while Debt-or, Margaret S. Haney owns an IRA account which had a value of $41,509.00 as of the date Debtors filed their chapter 13 bankruptcy petition on March 5, 2003. *Stipulation of Facts,* ¶¶ 6, 7.

ruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2). As noted by our colleague, the Honorable Kevin J. Carey, Jr., "Congress carved out this exception because of 'a deep and continuing interest in a the preservation of pension plans, and in encouraging retirement savings.'" *In re Williams*, 290 B.R. 83, 85 (Bankr.E.D.Pa.2003)(*citing Velis v. Kardanis*, 949 F.2d 78, 82 (3rd Cir.1991)).

■ The first issue we must address is whether Debtors' IRA accounts are excluded from property of Debtors' bankruptcy estate under section 541(c)(2). The Third Circuit Court of Appeals considered this issue in the context of whether an IRA account was excluded from a New Jersey debtor's bankruptcy estate under New Jersey state law in *Yuhas*, 104 F.3d at 613. Finding that the IRA account was excluded from the debtor's bankruptcy estate under section 541(c)(2), the Third Circuit ruled as follows:

> if the debtor's IRA meets all of the requirements of § 541(c)(2), we must hold that it is completely excluded from the bankruptcy estate.

> These requirements are the following:(1) the IRA must constitute a "trust" within the meaning of 11 U.S.C. § 541(c)(2); (2) the funds in the IRA must represent the debtor's "beneficial interest" in that trust; (3) the IRA must be qualified under Section 408 of the Internal Revenue Code; (4) the provision of N.J.S.A. § 25:2–1 stating that property held in a qualifying IRA is "exempt from all claims of creditors" must be a "restriction on the transfer" of the IRA funds; and (5) this restriction must be "enforceable under nonbankruptcy law."

*Yuhas*, 104 F.3d at 614. This test is an inclusive one; therefore, in order for Debtors' IRA accounts to be excluded from property of Debtors' bankruptcy estate, each of the foregoing five elements of the Third Circuit's test must be met. *Williams*, 290 B.R. at 85–86.

■ The first element of the *Yuhas* test is the requirement that Debtors' IRAs must constitute "trusts" within the meaning of 11 U.S.C. § 541(c)(2). Debtors rely upon the fact that the Internal Revenue Code defines an IRA as a "trust," *see* 26 U.S.C. § 408(a), to support their argument that their IRAs should be deemed to be "trusts" within the meaning of section 541(c)(2) of the Bankruptcy Code. However, this argument has been rejected by most courts which have considered it. *See Williams*, 290 B.R. at 87; *Pineo v. Fulton (In re Fulton)*, 240 B.R. 854, 865–66 (Bankr.W.D.Pa.1999); *Eisenberg v. Houck (In re Houck)*, 181 B.R. 187, 191 (Bankr. E.D.Pa.1995). As these courts note, section 408 of the Internal Revenue Code explicitly limits its application to that section of the Internal Revenue Code. As a result, these courts have ruled, and we agree, that section 408 of the Internal Revenue Code is limited in its effect to tax implications and cannot be read to create a "trust" within the meaning of section 541(c)(2). Hence, the mere fact that section 408(a) of the Internal Revenue Code refers to an IRA as a "trust" for its own purposes does not mean that an IRA qualifies as a trust for other purposes, including purposes under section 541(c)(2) of the Bankruptcy Code.

■ Accordingly, we turn to the question of what constitutes a "trust" for purposes of section 541(c)(2).[2] As the court in *Fulton* noted,

---

2. The Third Circuit did not discuss this element in *Yuhas*, 104 F.3d at 614, because the parties in that case did not dispute that the IRA was a trust within the meaning of 11 U.S.C. § 541(c)(2). *See Williams*, 290 B.R. at 87.

[t]he term "trust" is not defined in either § 541(c)(2) or elsewhere in the Bankruptcy Code. Therefore, "whether a trust has been established [for purposes of § 541(c)(2)] is generally a question to be resolved under the law of the state that is the situs of the [purported] trust fund." (citations omitted). In Pennsylvania, it is black letter law that a trust is not created unless (a) "there be a trustee, some property held in trust, and a beneficiary for whom the property is held," (citation omitted), (b) the trustee owns the legal title to, but not the beneficial interest in, the trust property (i.e., the trust *res*), ... and (c) "the settlor manifests an intention to create [the trust which] manifestation may be by conduct as well as by words." (citations omitted).

*Id.* at 862–63. Likewise, the court in *Houck* stated

In order to create what we shall term, for purposes of the analysis of the § 541(c)(2) exclusion ..., a "true" trust, there must be a designated beneficiary, a trustee, a fund sufficiently identified to enable title to pass to the trustee, and actual delivery to the trustee with the intent of passing title. (citation omitted). IRAs lack a trustee and delivery of title to the trustee.... There is no trustee and there is no separation of title and beneficial interest: the depositor holds title to and is the beneficiary of the account.

*Houck*, 181 B.R. at 191, n. 9. We agree with these analyses and conclude that since, as with all IRA accounts, in the case before us, there is no trustee, there has been no actual delivery of the IRA funds

by Debtors to a trustee with the intent of passing title and there is no separation of title and beneficial interest, Debtors' IRAs do not qualify as "trusts" for purposes of section 541(c)(2). *See also Williams*, 290 B.R. at 87–89. Accordingly, we find that the first prong of the *Yuhas* test has not been met. Consequently, we need not examine the remaining four prongs of the test. *See also Velis v. Kardanis*, 949 F.2d 78, 82 (3rd Cir.1991)(Third Circuit ruled that Debtor's IRA account was not excluded from property of Debtor's bankruptcy estate under section 541(c)(2) because IRA accounts are not required to have anti-alienation/assignment provisions under ERISA and because Debtor was 63 years old and could withdraw from his IRA without penalty at any time). Accordingly, we find that Debtors' IRAs may not be excluded from Debtors' bankruptcy estate under section 541(c)(2).[3]

■ Having determined that Debtors' IRAs are property of their bankruptcy estate, we now turn to the question of whether Debtors' interests in these IRAs may be claimed as exempt. Debtors argue that they may exempt their interests in the IRAs under 11 U.S.C. § 522(d)(10)(E), which states, in relevant part, as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

. . . . .

(10) The debtor's right to receive—

. . . . .

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably

**3.** Moreover, in *Patterson v. Shumate*, 504 U.S. 753, 762–63, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the United States Supreme Court, in what might arguably be considered dicta, has stated that a debtor's interest in an IRA could

not be excluded from property of the estate under section 541(c)(2) because an IRA lacks transfer restrictions enforceable under applicable nonbankruptcy law. *See Williams*, 290 B.R. at 89, n. 6.

necessary for the support of the debtor and any dependents . . .

. . . . .

The Trustee argues that Debtors may not exempt their interests in the IRAs under section 522(d)(10)(E) because they have not attained the age of 59½ and they are not disabled, and therefore, they have no present right to receive payments under their IRAs without incurring a 10% penalty.[4] *See* 26 U.S.C. § 72(t).

Section 522(d)(10)(E) has been narrowly construed by the Third Circuit Court of Appeals to permit exemption only of *present*, as opposed to *future*, payments under a stock bonus, pension, profitsharing, annuity or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of debtor and any dependents. *Clark v. O'Neill (In re Clark)*, 711 F.2d 21, 23 (3rd Cir.1983); *see also Velis*, 949 F.2d at 81; *Rousey v. Jacoway (In re Rousey)*, 347 F.3d 689, 693 (8th Cir.2003), *cert. granted*, —— U.S. ——, 124 S.Ct. 2817, 159 L.Ed.2d 246 (2004)[5]; *In re Snyder*, 206 B.R. 347, 350 (Bankr.M.D.Pa. 1996). Specifically, the Third Circuit has ruled that a debtor who lacks the ability to withdraw funds from a Keogh retirement plan without incurring a 10% early withdrawal penalty, either because the debtor has not attained age 59½ or is not disabled, does not have the present ability to receive those funds and therefore, may not exempt the funds under section 522(d)(10)(E). *Clark*, 711 F.2d at 23; *see also Velis*, 949 F.2d at 81; *Snyder*, 206 B.R. at 350. This reasoning applies as well in the contexts of IRAs. *Velis*, 949 F.2d at 81–82; *Snyder*, 206 B.R. at 350. As "the decision of a court of appeals is binding on all inferior courts in that circuit," we are constrained to follow this rule. *Snyder*, 206 B.R. at 350 (*citing In re Taffi*, 144 B.R. 105, 108 (Bankr.C.D.Cal.1992)). Accordingly, as we find as a fact, based on the record before us, that Debtors are neither 59½ years of age nor disabled, and therefore, they lack the ability to withdraw funds from their IRAs without incurring a 10% early withdrawal penalty, we are required to find that Debtors may not exempt their interest in their IRAs under section 522(d)(10)(E).[6]

An appropriate Order follows.

---

4. The parties stipulated that Debtor, Clifford F. Haney, Jr. was 58 years of age as of the date Debtors filed their chapter 13 petition and that Debtor, Margaret S. Haney was 49 years of age as of the date Debtors filed their chapter 13 petition. *Stipulation of Facts*, ¶¶ 2, 3. While the parties further stipulated that Debtor, Clifford F. Haney, Jr. "has been having increasing difficulty with his health, and finds delivery of furniture to be increasingly difficult," *Stipulation of Facts*, ¶ 5, this stipulated fact does not support a factual finding that Mr. Haney is disabled such that he may make a penalty fee withdrawal from his IRA. In fact, Debtors have not advanced such an argument in their brief or in any other pleading filed to date.

5. We note that the United States Supreme Court has granted certiorari to consider whether a debtor may exempt his interest in an IRA account under section 522(d)(10)(E).

*See Rousey v. Jacoway*, —— U.S. ——, 124 S.Ct. 2817, 159 L.Ed.2d 246 (2004).

6. We acknowledge that this is a harsh result since Debtor, Clifford Haney will turn 59½ on January 16, 2005. *See Stipulation of Facts*, ¶ 2. However, given the mandate from the Third Circuit as enunciated in *Clark*, 711 F.2d at 23, and *Velis*, 949 F.2d at 81–82, we are without authority to reach a different result under the facts of this case. *See Snyder*, 206 B.R. at 350. Finally, we note that while Judge McCullough adopted a novel approach to permit a debtor to exempt his interest in IRA annuities under facts similar to those before us, *see Fulton*, 240 B.R. at 875–76, Debtors have neither cited *Fulton* nor requested that we adopt the analysis and reasoning espoused by Judge McCullough in *Fulton*. We decline to follow *Fulton* since, in our view, it diverges from the Third Circuit prece-

## *ORDER*

AND NOW, this 21st day of October, 2004, it is ORDERED that the Chapter 13 Trustee's objection to confirmation of Debtors' chapter 13 plan is SUSTAINED.

IT IS FURTHER ORDERED that Debtors shall file, **within thirty (30) days of the date of this Order,** an amended chapter 13 plan which cures the deficiencies noted in the Trustee's objection or this case shall be DISMISSED without the need for further notice or hearing.

dent as enunciated in *Clark,* 711 F.2d at 23, and *Velis,* 949 F.2d at 81–82.