OPINION OF THE COURT
GIBBONS, Circuit Judge.
Robert H. Clark, a discharged bankrupt, appeals from a final order of the Bankruptcy Court for the District of New Jersey denying his claim for exemption under 11 U.S.C. § 522(d)(10)(E)(Supp. V 1981) of $17,466 in his Keogh retirement plan.[1] The appeal is to this court by agreement of the parties. 28 U.S.C. § 1293(b). We affirm.
On September 18, 1981 Clark, a 43-year old licensed family therapist, filed a Chapter 7 petition in bankruptcy and claimed an exemption for his Keogh retirement plan. Contributions to such plan are tax-deductible, and income tax on the fund and its earnings is deferred until withdrawn. Funds may be withdrawn when a participant becomes 59V2, dies, or is disabled. If funds are withdrawn before these events, the participant must pay a penalty tax of 10% in addition to regular income taxes, and is barred from making contributions to the plan for five years.
Thomas J. O’Neill, the interim trustee, filed an objection to the claimed exemption, and Clark filed a complaint against the trustee seeking a denial of the objection. The bankruptcy court noted that the case involved only the issue of exemption under section 522(d)(10)(E); not whether the fund was property of the bankruptcy estate, or whether it was exempt as a matter of state law. The court agreed with the trustee that because Clark had no present right to receive payments from the plan, his exemption claim did not fall within the literal terms of section 522(d)(10)(E).
*23 The general purpose of the exemption provisions of the Bankruptcy Code is to give debtors a fresh start. As noted in the House Report on H.R. 8200:
The historical purpose of [] exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge. [This] purpose has not changed....
H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6087. The exemption of present Keogh payments, to the extent they are necessary for the support of the debtor, is consistent with this goal. The exemption of future payments, however, demonstrates a concern for the debtor’s long-term security which is absent from the statute.
The result of denying the exemption with respect to future payments is in accord with the caselaw. The authority of In re Mendenhall, 4 B.R. 127 (Bkrtcy.D.Or.1980), and In re Clark, 18 B.R. 824 (Bkrtcy.E.D.Tenn. 1982), is perhaps subject to challenge since the former was determined under § 70a of the preceding Bankruptcy Act[2] and the latter was decided on alternative state and federal exemption grounds. The court in Matter of Koehell, 26 B.R. 86 (Bkrtcy.W.D.Wis.1982), however, squarely faced the issue of whether section 522(d)(10)(E) exempts pension plans themselves rather than present payments. The Koehell court agreed that the underlying purpose of the section was to alleviate present rather than long-term need, a condition which the 44-year old debtor, a doctor in apparent good health, could not demonstrate. Cf. In re Donaghy, 11 B.R. 677 (Bkrtcy.S.D.N.Y.1981) (lump sum disbursement under pension plan is exempt as equivalent to right to receive payment); Matter of Taff, 10 B.R. 101 (Bkrtcy.D.Conn.1981) (retiree’s pension is exempt only to extent necessary to meet basic needs).
Clark’s alternative argument, that the income which accrued from the Keogh plan subsequent to the filing of the bankruptcy petition is exempt regardless of the nonexempt status of the plan, must also be rejected. As noted by the trustee, 11 U.S.C. § 541(a)(6) requires the inclusion of such income as property of the estate. Likewise, 11 U.S.C. § 522(d)(ll)(E) does not exempt future earnings but payments “in compensation for the loss of future earnings.” Whatever the “equitable” considerations to which Clark refers, Clark Brief at 18-19, we cannot ignore the fact that his right to an exemption is governed by statute, and that none of the statutory exemption provisions apply to the income from the plan.
The judgment appealed from will be affirmed.

. Section 522(d)(10)(E) provides:
(d) The following property may be exempted under subsection (b)(1) of this section:
(10) The debtor’s right to receive—
(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor’s rights under such plan or contract arose;
(ii) such payment is on account of age or length of service; and
(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

. Under the Bankruptcy Act of 1898, a trustee was vested with the title of bankrupt except to the extent that such property was exempt under section 6 which recognized both federal and state nonbankruptcy exemptions. See 4A Collier on Bankruptcy ¶ 70.08, at 99-100 (14th ed. 1978). The exemption of pension plans turned to a large extent on questions such as whether the debtor had a choate, vested interest in the fund or whether the state frowned on the immunity of spendthrift trusts created by a settlor for his own benefit. See, e.g., Plumb, The Recommendations of the Commission on Bankruptcy Laws, 61 Va.L.Rev. 1, 53-57 (1980). Thus the initial issue of title received more emphasis than the subsequent application of federal or state exemptions. Here, Clark concedes that the Keogh plan is property of the bankruptcy estate under the more expansive provisions of 11 U.S.C. § 541 (Supp. V 1981).