**In the Matter of Larry M. SAWDY, formerly d/b/a Flowerama, Debtor.**

**Warren W. BENTZ, Esq., Trustee, Plaintiff,**

v.

**Larry M. SAWDY and Public School Employees' Retirement System, Defendants.**

**Bankruptcy No. 83–00211E. Adv. No. 83–00274.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 7, 1985.

Kenneth D. Chestek, Erie, Pa., for plaintiff.

Kevin J. Kingston and Falcone, Heidt, Kingston, Kubinski & Kuhn, Erie, Pa., for debtor.

MEMORANDUM AND ORDER ON ACTION OF TRUSTEE TO RECOVER FUNDS IN PENNSYLVANIA STATE PUBLIC SCHOOL EMPLOYEES RETIREMENT TRUST

WM. B. WASHABAUGH, Jr., Bankruptcy Judge:

In this action by a trustee in bankruptcy against the debtor and the Pennsylvania Public School Employees' Retirement System for the $13,000.00 balance of a trust fund controlled and administered by the Retirement System and established by payroll deductions from the employee's salary and contributions by both of his employers mandated by the Pennsylvania legislative

provisions hereinafter referred to, the debtor is a 42 year old school teacher earning $22,000.00 per year and his only dependent is a 14 year old daughter. His membership in the Public School Employees' Retirement System and contributions thereto thru payroll deductions are mandatory under applicable Pennsylvania legislation, as are also those of his employers, the Commonwealth of Pennsylvania and local school district: 24 Pa.C.S.A. § 8301 et seq.; §§ 8326, 8327, 8328. The accumulations in the fund are specifically exempted from levy, sale, garnishment, and attachment and made unassignable by 24 Pa.C.S.A. § 8533(a). He claimed the fund which has a present balance of $13,000.00 from his own contributions as one of his exemptions under the Revised Bankruptcy Code, 11 U.S.C. § 522(b) and (d)(10)(E), in the schedules he filed in the within voluntary bankruptcy proceeding.

It is stipulated that the debtor can obtain his pension benefits only when he reaches the retirement age of 62 years provided in the legislation, and can withdraw, assign, or borrow against the fund to the extent of his own contributions only if he quits his job or reaches said retirement age twenty years hence. He is not presently in need of the funds for his own or his dependent daughter's support as his salary as a school teacher is sufficient for these purposes. His claims to the fund and the other assets specifically enumerated in his schedules and based on the exemptions provided under federal law at 11 U.S.C. § 522(b) and (d), of which section 522(d)(10)(E) relates to retirement funds.

Section 522(d)(10)(E) of Title 11 U.S.C. comprising the Revised Bankruptcy Code under which the debtor claimed the fund as one of his federally provided exemptions in his schedules is as follows:

"(d) The following property may be exempted under subsection (b)(1) of this section:

.    .    .    .    .

"(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor . . . . . . . . . . . ." [1]

The Pennsylvania legislation exempting Public School Employees Retirement Funds from garnishment and attachment and making them unassignable under state law provides the following at 24 Pa.C.S.A. § 8533(a):

". . . the right of a person to a member's annuity . . . or retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this part, and the monies in the fund, are hereby exempt from any state or municipal tax, and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable".

▮ The right of a debtor to take federal exemptions under the Bankruptcy Code is in the alternative with those provided under state, local or other federal law, viz., from 11 U.S.C. § 522(b)(1):

"An individual debtor may exempt from property of the estate *either*

"(1) property that is specified under subsection (d) of this section unless the state law that is applicable to the debtor under (2)(A) of this subsection, specifically does not so authorize; *or, in the alternative*

"(2)(A) any property that is exempt under federal law other than subsection (d) of this subsection or State or local law that is applicable on the date of the filing of the petition; . . ." (emphasis supplied)

These alternative exemptions are held mutually exclusive in *Matter of Richard L.*

---

**1.** The other assets the debtor claimed under his federally provided exemptions are his residence real estate to the value of $7,900.00 under 11 U.S.C. § 522(d)(1) and (5) as to which he obtained orders of avoidance of judicial liens to the extent they impaired such exemptions, a VW Rabbit to the value of $1,200.00 under section 522(d)(2), and clothing and jewelry to a value of $50.00 as provided in section 522(d)(4).

*Kochell,* 732 F.2d 564 (7th Cir.1984) and *Matter of Nichols,* 4 B.R. 711, 714 (Bcy.E. D.Mich.S.D.1980), but that a debtor who claims federally provided exemptions held unallowable for any reason does not because of that fact alone lose his alternative right to claim the subject assets as exempt under applicable state law provisions appears from Judge Becker's concurring opinion to Judge Gibbons' ruling for the majority in the Third Circuit case of *In re Clark,* 711 F.2d 21 (3rd Cir.1983).

Judge Gibbons held for the majority in *In re Clark* that funds in a voluntary retirement Keogh Plan Trust are not subject to the federal exemptions provided by 11 U.S.C. § 522(d)(10)(E) under the facts involved in that case because pension and retirement trusts provide for a debtor's needs and support at the time of his retirement at a future time and it is the purpose and intent of the Revised Bankruptcy Code to give him a currently effective fresh start by providing for his present needs. Under the referred to statement in Judge Becker's opinion, funds in retirement trusts constituting impermissible exemptions under the federal Bankruptcy Code are still exempt from claims of creditors when otherwise eligible for such status under state law because they are excluded from coming into the bankruptcy estate in such manner as to be subject to the referred to "mutually exclusive" federal exemptions by 11 U.S.C. § 541(c)(2), viz., (from 711 F.2d 21, supra, at pages 23, 24):

"The majority holding will not affect employee's pension and annuity plans created by employers, because the assets of such plans would not be included in the debtor's estate under section 541."

█ Only assets coming into a bankruptcy estate are subject to the federal exemption provisions above referred to, and such property is defined as including (from 11 U.S.C. § 541[a][1] ):

"... all legal or equitable interests of the debtor in property as of the commencement of the case ..."

Assets exempt from attachment by creditors under settled legislation or public policy of a state are excluded from coming into a bankruptcy estate by 11 U.S.C. § 541 referred to in Judge Becker's above quoted concurring opinion at 711 F.2d 23, 24 as it is provided at 11 U.S.C. § 541(c)(2) as follows:

"A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title".

The proposition was definitively held inter alia in *Matter of Turpin,* 644 F.2d 472 (5th Cir.1981); *In the Matter of Nunnally,* 506 F.2d 1024 (5th Cir.1975); *In re Threewitt,* 24 B.R. 927 (D.C.Kansas 1982); *In re Pruitt,* 30 B.R. 330 (Bcy.Colo.1983); *Matter of Phillips,* 34 B.R. 543 (Bcy.S.D.Ohio 1983); and *In re Holt,* 32 B.R. 767 (Bcy.E. D.Tenn.1983).

█ Generally employer created and controlled retirement trusts similar to the state mandated and controlled public school employees retirement fund here in issue are exempt from attachment and bankruptcy administration under federal as well as state legislated exemptions: *General Motors Corp. v. Buha,* 623 F.2d 455 (6th Cir. 1980); *Franchise Tax Board of Calif. v. Construction Laborers Vacation Trust,* 679 F.2d 1307 (9th Cir.1982); *Commercial Mortgage Insurance Inc. v. Citizens National Bank of Dallas,* 526 F.Supp. 510 (N.D.Texas, 1981). We are not prevented by the majority holding in *In re Clark* from concluding the subject funds retain their exempt status under state law even though they are claimed and disallowed as a federal exemption because the trust provides for the debtor's future instead of his present needs. The instant case is distinguishable from *Clark* not only because the fund is excluded from coming into the bankrupt estate by 11 U.S.C. § 541 and the Pennsylvania exemption laws, but because in the instant case the retirement trust is controlled by the employers and made up of mandatory contributions on their parts as well the employee's while in *Clark* they were contributed solely by the beneficiary of a voluntary Keogh Plan Retirement

Trust as to which he retained the beneficial enjoyment and income, and unfettered powers of control and assignment. That debtors cannot place their own assets beyond the reach of their creditors and that spendthrift trusts of such assets in which they retain the beneficial enjoyment and powers of assignment and control are never exempt, see *Matter of Goff,* 706 F.2d 574 (5th Cir.1983); *In re Graham,* 726 F.2d 1268 (8th Cir.1984); and *In re DiPiazza,* 29 B.R. 916 (Bcy.N.D.Ill.E.D.1983).

We conclude and hereby Order by reason of the foregoing that the subject matter of the within action of the trustee was excluded by 11 U.S.C. § 541(c)(2) supra from becoming a part of the bankruptcy estate in such manner as to be subject to the federal exemption claims of the debtor under 11 U.S.C. § 522(d)(10)(E), and that it retained its exempt status under Pennsylvania law; that the funds are not assets of the bankruptcy estate and that the action of the trustee therefor should be and it hereby is dismissed and denied.