**In re Sammie PETTIT, Dorothy Pettit, Debtors.**

**Civ. No. 85–477–B.**
**Bankruptcy No. 84–93–C.**

United States District Court,
S.D. Iowa, C.D.

Sept. 18, 1985.

James L. Spellman, Des Moines, Iowa, for debtors.

John E. Casper, Winterset, Iowa, for Union State Bank.

Thomas L. Flynn, Des Moines, Iowa, trustee.

## AFFIRMANCE OF BANKRUPTCY ORDER

VIETOR, Chief Judge.

This is a proceeding for review of the final order of the United States Bankruptcy Court for the Southern District of Iowa, 55 B.R. 394, Judge Stageman presiding. Jurisdiction is predicated on 28 U.S.C. § 1334(a), and the appeal is permitted under Bankruptcy Rule 8001(a). Briefs have been filed by the appellant and appellee as provided by Bankruptcy Rule 8009(a). The court finds that the facts and legal arguments are adequately presented in the briefs and that oral argument is therefore unnecessary. Bankruptcy Rule 8012.

Appellant, Union State Bank of Winterset, appeals from an order of the bankruptcy court overruling the bank's objection to the debtors' amendment to the list of exemptions to include Dorothy Pettit's profit sharing plan.

The bank first argues that the bankruptcy court erred in ruling that the debtors' amendment was timely filed. This issue was raised by the bank before the bankruptcy court but never briefed. The bankruptcy court did not specifically address the issue in its ruling. Federal Bankruptcy Rule 1009 provides for amendment "as a matter of course at any time before the

case is closed." The bank has not proved prejudice to it or bad faith on the part of the debtors that would justify disallowing the amendment.

■ The second issue raised by the bank is whether the debtors' interest in the profit sharing plan is exempt under Iowa Code § 627.6(9)(e). The court adopts the reasoning and conclusion of the bankruptcy court on this issue. The profit sharing plan is exempt under section 627.6(9)(e).

■ The third issue raised by the bank is whether the debtors are entitled to claim as exempt their interest in the profit sharing plan after they had voluntarily sought to transfer their interest as a preference to the bank. The bankruptcy court determined that no assignment of the debtors' interest in the plan occurred because the attempted assignment was rejected by the bank and because the plan prohibited assignment. This determination is correct, and disposes of the third issue.[1]

■ The fourth issue raised by the bank is whether the exemption under Iowa Code § 627.6(9)(e) applies only to present payments due under the profit sharing plan, not to the assets of the plan. This court finds the bank's position without merit. The debtors have "rights in a payment" under the plan regardless of when the payment may be due. This is clearly contemplated by the very nature of the exemptions in Iowa Code § 627.6(9). An interest in future payments necessarily includes an interest in the present assets from which those payments will be made. The exemption therefore applies to all the assets in the fund, not just present payments due. This conclusion is totally consistent with the discussion in *In re Graham*, 726 F.2d 1268 (8th Cir.1984). To the extent *In re Clark*, 711 F.2d 21 (3d Cir.1983), may support a different conclusion, this court finds it unpersuasive.

---

1. This case is not a case where, after a completed assignment, the assignee voluntarily surrendered the asset to the trustee.

**364**

The final issue raised by the bank is whether the plan assets are "reasonably necessary for the support of the debtors." The bankruptcy court found that the assets are reasonably necessary. This is a factual determination. *See In re Kochell*, 732 F.2d 564, 566 (7th Cir.1984). It can be overturned only if this court finds it to be clearly erroneous. *In re Hunter*, 771 F.2d 1126 at 1129 n. 3 (8th Cir.1985). The bankruptcy court's determination is not clearly erroneous.

The order of the bankruptcy court entered April 26, 1985, overruling the objections by Union State Bank to the debtors' claimed exemptions is affirmed.