**In re Jerome Dane HUTTON and Frances Marie Hutton, d/b/a Hutton's Welding & Auto Repair, Debtors.**

**Stephan H. FOX, Creditor, Appellant,**

v.

**Jerome Dane HUTTON and Frances Marie Hutton, Appellees.**

**No. 89–1193.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1989.

Decided Jan. 18, 1990.

Joseph M. Galloway, Des Moines, Iowa, for appellant.

Richard F. Stageman, Des Moines, Iowa, for appellees.

Before BEAM, Circuit Judge, HEANEY and HENLEY, Senior Circuit Judges.

BEAM, Circuit Judge.

Stephan H. Fox appeals from a decision of the district court, dated December 29, 1988, affirming earlier decisions of the bankruptcy court which overruled Fox's objection to certain exemptions claimed by Jerome and Frances Hutton in their chapter 7 bankruptcy proceeding. We affirm the judgment of the district court.

## I. BACKGROUND

Jerome and Frances Hutton filed a joint chapter 7 petition on April 16, 1987. They own and operate an auto repair and welding business, as well as a tree service. Jerome is employed in these concerns, while Frances works as a computer operator for Meredith Corporation. The Huttons claimed total exemptions of $35,949, including a 1977 Lincoln Continental, a life insurance policy, a savings and investment plan with Meredith Corporation (Frances' employer), and a homestead. Creditor Fox objected to each of these exemptions, but was overruled in each case by the bankruptcy court. The district court affirmed the allowance of all claimed exemptions.

## II. DISCUSSION

Fox argues on appeal that the savings and investment plan provided by Meredith Corporation for its employees is not exempt. This plan apparently is not the reg-

ular pension plan provided for Meredith employees, but is an additional savings plan, to which an employee may contribute a percentage of earnings which Meredith Corporation will match by fifty percent.[1] The employee is entitled to the value of the savings and investment plan at retirement, either in a lump sum or in installments. The plan is described by Meredith Corporation as a plan to encourage employees to "save money for long-range goals, such as retirement." Appellant's App. at 48.

The Huttons claim that the plan is exempt under Iowa law, which provides an exemption for: "A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Iowa Code Ann. § 627.6(8)(e) (West Supp.1989). Fox argues that the plan is not a "similar plan or contract" because of the debtor's ability to withdraw funds in the event of financial hardship.

Fox's argument implicitly relies on *In re Pettit*, 55 B.R. 394 (Bankr.S.D.Iowa 1985), *aff'd*, 57 B.R. 362 (S.D.Iowa 1985), in which the bankruptcy court determined the nature of a "similar plan or contract" under the statute. The court did so by looking at the general characteristics common to pension plans and annuities. Specifically, *In re Pettit* found that annuities and pension plans have a common, archetypal characteristic of access to funds being "restricted by limiting conditions (i.e., retirement, disability, death, etc.)." *In re Pettit*, 55 B.R. at 398. Thus, of the four characteristics for a "similar plan or contract," Fox implicitly argues that the third is not met: "Access and control of the plan or fund in the hands of someone other than the debtor with strong limitations on withdrawal or

distribution expressed in the formal plan or fund for the purpose of providing retirement or deferred income." *Id.* Fox argues that because the Meredith Corporation plan allows for withdrawal prior to retirement in the event of financial hardship, which may include payments for the purchase or improvement of a principal residence, the plan does not contain "strong limitations on withdrawal or distribution." The district court disagreed, affirming the bankruptcy court's finding that the plan satisfied the criteria set forth in *In re Pettit*.

We review *de novo* the judgment of the district court, since entitlement to an exemption is a question of law. *Stevens v. Pike County Bank*, 829 F.2d 693, 695 (8th Cir.1987). Even so, we accord substantial deference to the district court in its interpretation of state law. *See Bennett v. Allstate Ins. Co.*, 889 F.2d 776, 779 (8th Cir.1989); *Gulley v. Mayo Found.*, 886 F.2d 161, 163–64 (8th Cir.1989). We agree with the district court that the Meredith Corporation plan satisfies the requirement of *In re Pettit* that access and control over distribution of the fund be in the hands of someone other than the debtor and that there be strong limitations on withdrawal. Thus, the plan is exempt under the Iowa statute as a "similar plan or contract."

The plan provides that an employee may make withdrawals before retirement in the event of financial hardship,[2] but only if *"[a] committee responsible for administering the plan decides whether withdrawal requests qualify as financial hardships."* Appellant's App. at 50. Control over withdrawals is thus subject to the discretion of a third party; the employee has no absolute right to use the funds prior to retirement. Moreover, "financial hardship" is to be defined in accordance with Internal Rev-

**1.** The record is not entirely clear that this plan is separate and distinct from Meredith Corporation's regular pension plan, although Fox claims that it is and the Huttons do not contend otherwise. The Huttons' exemption schedule claims an exemption, denominated as "pension," for $3,914. No other exemption is listed for a savings and investment plan. Thus, the record does not reveal whether the exemption listed in the schedule is for the savings and investment

plan, or, if not, what contributions Frances has made to the plan.

**2.** We note that withdrawals prior to retirement are subject to the financial hardship restriction only until the employee reaches age 59½. Even so, the restriction is still sufficient to invest the plan with the characteristics of an annuity or pension plan.

enue Service regulations. That the regulations may provide that "financial hardship" includes a need to buy or improve a principal residence is not enough, as Fox argues, to deprive the plan of "strong limitations on withdrawal." Moreover, financial hardship is to be defined by objective criteria. Thus, we cannot agree with Fox that the limitations expressed in the Meredith plan are not sufficient to qualify the plan as a "similar plan or contract" under the Iowa exemption statute. *See, e.g., In re Lilienthal,* 72 B.R. 277, 279 (Bankr.S.D.Iowa 1987) (withdrawal penalty of up to seven percent is not insubstantial and, therefore, annuity qualifies for exemption); *In re Faulkner,* 79 B.R. 362, 366 n. 8 (Bankr.E. D.Tenn.1987) (drawing a distinction between absolute right of debtor to receive vested funds in lump sum upon termination of employment and distribution of lump sum only at sole discretion of committee administering the plan).

Fox also objects to an exemption claimed and allowed for a 1977 Lincoln Continental. The Iowa exemption statute provides an exemption "not to exceed a value of five thousand dollars" for "[o]ne motor vehicle." Iowa Code Ann. § 627.6(9)(b) (West Supp.1989). The statute was amended in 1986 to increase the value of the exemption from $1,200 to the current $5,000. The historical note to the statute indicates that it is to apply to actions filed on or after the effective date of the act, June 1, 1986. Fox claims that since he filed a state law action against the Huttons on February 4, 1986, the old exemption limit of $1,200 should apply. Since the car has an N.A.D.A. book value of $3,100,[3] Fox argues that the Huttons are not entitled to an exemption for the car.

This argument is clearly wrong. The bankruptcy petition was filed on April 16, 1987, almost one year after the statute's effective date, and the filing date determines the applicable law. The bankruptcy code provides that a debtor may exempt from property of the estate "any property that is exempt under ... State or local law that is applicable on the date of the filing of the petition." 11 U.S.C. § 522(b)(2)(A) (1988). The federal statute is dispositive. When Fox filed his state action is irrelevant for purposes of determining exemptions.

## III. CONCLUSION

We have considered Fox's other arguments on appeal and find them to be without merit. Therefore, we affirm the judgment of the district court.

---

3. The exemption amount claimed in the schedules is $900.