**In re Philip J. CAUVEL d/b/a Philip Cauvel Leasing Company, Debtor.**

**Richard W. ROEDER, Trustee, Movant,**

v.

**Philip J. CAUVEL d/b/a Philip Cauvel Leasing Company, Respondent.**

**Bankruptcy No. 91–00178E.
Motion No. 91–1090.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 2, 1992.

Richard W. Roeder, trustee, pro se.

Raymond W. Bulson, Portville, N.Y., for debtor.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

Philip J. Cauvel doing business as Philip Cauvel Leasing Company ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on March 4, 1991. Richard W. Roeder, Esq. ("Trustee") was appointed as Trustee.

On July 8, 1991, the Debtor filed an amendment to his exemption schedule claiming his interest in a National Automobile Dealers Association Retirement Trust ("NADART") in the amount of $38,000 as exempt under 11 U.S.C. § 522(d)(10). The Trustee objects to this claimed exemption.

By Opinion and Order dated June 9, 1992, we determined that the Debtor is entitled to claim an exemption in the NADART plan under § 522(d)(10)(E) to the extent that the plan is reasonably necessary for the support of the Debtor and any dependent of the Debtor. A trial/evidentiary hearing was held on July 21, 1992 to ascertain the relevant facts and the matter is now ripe for decision.

### Discussion

To qualify for an exemption under § 522(d)(10)(E), the Debtor must demonstrate to the Court that the funds are "reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(10)(E).

"The phrase 'to the extent reasonably necessary for the support' is properly construed to refer to subsistence, not to lifestyle maintenance." *In re Comp*, 134 B.R. 544, 554 (Bankr.MD Pa.1991). The discussion of exemption provisions in the House Report on H.R. 8200 refers to the "basic necessities of life so that ... the debtor will not be left destitute and a public charge." H.R.Rep. No. 95–595, 95th Cong., 2d Sess., 126 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News at 5787, 6087.

In order to determine whether the Debtor's NADART plan is reasonably necessary for support, we examine the following factors:

(1) debtor's present and anticipated living expenses;

(2) debtor's present and anticipated income from all sources;

(3) the age of the debtor and his dependents;

(4) the health of the debtor and his dependents;

(5) debtor's ability to earn a living;

(6) debtor's job skills, training and education;

(7) debtor's other assets, including exempt assets;

(8) the liquidity of other assets;

(9) debtor's ability to save for retirement;

(10) the special needs of the debtor and his dependents; and

(11) debtor's continuing financial obligations, e.g., alimony or support payments.

*In re Comp*, 134 B.R. at 554–55; *In re Vickers*, 954 F.2d 1426, 1427 (8th Cir.1992) citing *In re Bartlett*, 67 B.R. 455, 457 (Bankr.WD Mo.1986).

The Debtor has been in the automobile business for 25 years. The Debtor earned approximately $30,000 in 1989, $50,-000 in 1990, and over $20,000 in 1991. At the time of trial on July 21, 1992, the Debtor had been employed at Schwab Ford as sales manager and salesman since May 1. The Debtor is paid a salary of $1,000

per month plus commission. While the commission fluctuates somewhat, the Debtor indicates earnings of $7,000–9,000 between May 1–July 21, 1992. Thus, we calculate his earning potential at his present job as approximately $30,000–40,000 per year. Although the Debtor is unsure of the security of his present position, it is apparent that the Debtor is capable of finding comparable jobs in the automobile business. He has changed jobs several times since he closed his own dealership in February, 1991.

The Debtor's wife is employed. She has held her present job for 12 years and earns approximately $20,000 per year. The Debtor's wife owns tax sheltered annuities in the amount of $9,000–10,000. Both parties have paid and continue to pay into social security so that benefits will be available upon retirement.

The Debtor is 50 years old. He has two children—one who is grown and self-supporting and a second child in college. The Debtor testified that most of the wife's income, $13,500 per year, is used to pay for the child's education. This is at best a temporary (four year) need of the Debtor's dependent and not a continuing obligation. There is no evidence of ill health or other financial obligations such as alimony or support payments.

The Debtor owns his home in Oil City, Pennsylvania, the value of which is between $75,000–92,000. The home is subject to a mortgage of $45,000. The Debtor also testified that the home was subject to a judgment lien, in excess of $50,000. Our review of the record of this case indicates that the judgment lien was avoided at Motion No. 91–181. Thus, it would appear that the Debtor has substantial equity in the home. However, such equity may be subject to attack by the Trustee.

The Debtor has been able to meet his current expenses, including a payment of $13,500 per year for his child's education, without the need to resort to his NADART plan for support. We note that the vast majority of the Debtor's obligations which he sought to discharge in this case arose from the failure of the Debtor's operation of his own car dealership, Family Ford. But for that substantial loss, it is unlikely that the Debtor would be in bankruptcy.

### Conclusion

The Debtor and his spouse have substantial earning capability. They are able to meet their current living expenses and also provide $13,500 per year for the education of their child. The education expense is only temporary. The termination of that expense will result in additional disposable income which can be diverted to investments for retirement. Upon retirement, the Debtor and his dependent wife will receive social security, the wife's tax sheltered annuities and any additional investments accrued until retirement. The Debtor is in good health and there are no special needs to be considered. We find that the Debtor's interest in the NADART plan is not reasonably necessary for the support of the Debtor and any dependent of the Debtor. The Trustee's objection to the exemption of the NADART plan will be sustained. An appropriate Order will be entered.