

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-1997

# In Re: Ronald Yuhas

Precedential or Non-Precedential:

Docket 96-5146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"In Re: Ronald Yuhas" (1997). *1997 Decisions*. Paper 46.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/46

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 96-5146
_____

IN RE:  RONALD J. YUHAS,
Debtor
_____

THOMAS J. ORR,
Appellant

v.

RONALD J. YUHAS
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

(Civil Action No. 95-5551)

Argued:  October 1, 1996
Before:  ALITO and McKEE, <u>Circuit Judges</u>
and GREEN, <u>District Judge</u>

(Opinion Filed on: January 22, 1997)
_____

ORDER
_____

The opinion in this case is hereby amended:

The following is added as footnote 5 at the end of the last sentence
of Part II.

Our decision in this case is fully consistent with <u>In re Clark</u>, 711 F.2d 21 (3d Cir.
1993).  Our decision here concerns the question whether a qualified IRA is excluded from a
bankruptcy estate under 11 U.S.C. § 541, as a result of a 1993 amendment of N.J.S.A. § 25:2-1(b).
By contrast, the holding in <u>In re Clark</u>, <u>supra</u>, concerned the meaning of an exemption provision,

11 U.S.C. § 522(d)(10)(E).  It is true that the parties in <u>In re Clark</u> appear to have assumed that the petitioner's Keogh plan was property of the bankruptcy estate, <u>see</u> 711 F.2d at 22, but at that time the amendment of N.J.S.A. § 25:2-1(b) that provides the foundation for our decision here had not been enacted, and thus there was no basis for contending that the Keogh plan was excluded from the estate on the ground that we endorse here.

BY THE COURT:

<u>\s\ Samuel A. Alito, Jr.</u>

Circuit Judge

DATED: February 26, 1997