**In re Betty R. OUTEN, Debtor.**

**Bankruptcy No. 97–08675–W.**

United States Bankruptcy Court,
D. South Carolina.

March 18, 1998.

Thomas E. Lydon, III, Columbia, SC, for Debtor.

W. Ryan Hovis, Rock Hill, SC, for Chapter 7 Trustee.

Before DAVIS, Chief Judge, BISHOP, and WAITES, Bankruptcy Judges.

## ORDER

PER CURIAM.

THIS MATTER comes before the Court sitting en banc upon the objection of W. Ryan Hovis, the Chapter 7 Trustee ("Trustee") to the Debtor's claim of exemption in an Individual Retirement Account ("IRA") with a value of $24,991.00.[1] The Debtor and the Trustee have stipulated that there were no factual disputes and that the legal issue could be ruled upon by the Court upon the submission of Stipulations of Fact and a proposed order outlining the parties' respective positions. Therefore the Court adopts the parties' Stipulations of Fact and makes the following Conclusions of Law.

## STIPULATIONS OF FACT

1. Betty R. Outen filed for relief under Chapter 7 of the United States Bankruptcy Code on October 14, 1997.

2. Betty R. Outen was born on October 3, 1942. She was 55 years old when she filed her bankruptcy petition.

3. On June 22, 1995, Betty R. Outen rolled over an ERISA qualified 401(k) plan as a result of termination of her employment with South Carolina Electric and Gas Company. The Debtor purchased an individual retirement annuity from Mass Mutual Insurance for $24,991.00, which represented the balance of her 401(k) plan.[2]

---

1. No explicit authority exists for a bankruptcy court to sit en banc. C.f. 28 U.S.C. § 46(c); FED.R.APP.P. 35 (giving federal appellate courts the authority to sit en banc). However, bankruptcy judges in a given district may promulgate rules to divide cases and business as they deem appropriate. 28 U.S.C. § 154(a). We believe this statute also gives us the authority to sit en banc. See In re Ludwick, 185 B.R. 238 (Bkrtcy. W.D.Mich.1995). Based upon the significance of the issue presented and because all three (3) bankruptcy judges in this district have issued opinions on the subject, upon stipulation of the parties, the Court will issue this ruling en banc.

2. Neither party took the position that there is a difference between this individual retirement annuity and an individual retirement account; therefore, the Conclusions of Law refer to the plan as an individual retirement account.

4. The individual retirement annuity is property of the estate.[3] With limited exceptions not applicable in this case, withdrawals without penalty may be made from an individual retirement annuity only after the person has reached the age of 59 1/2.

5. The Debtor is claiming an exemption in the individual retirement annuity pursuant to South Carolina Code § 15–41–30(10)(E)(Supp.1996).

6. The Trustee timely objected to the debtor's claim of an exemption in the individual retirement annuity.

7. The issue to be determined is whether the debtor may exempt the individual retirement annuity pursuant to South Carolina Code § 15–41–30(10)(E)(Supp.1996).

## CONCLUSIONS OF LAW

South Carolina Code § 15–41–30(10)(E) exempts "the Debtor's right to receive a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service...".[4] Since 1982, this Court has interpreted this provision to stand for the proposition that if there is no current right to receive payment, without the payment of a tax penalty, at the time the bankruptcy petition was filed (i.e. the debtor has not reached the age of 59 & 1/2), the debtor could not claim an exemption in the IRA. *See In re Lowe*, 25 B.R. 86 (Bkrtcy.D.S.C.1982),

*In re Sopkin*, 57 B.R. 43 (Bkrtcy.D.S.C.1985), *In re Sullivan*, 91–03910 (Bkrtcy.D.S.C. 9/5/91), and *In re Eisan*, 181 B.R. 848 (Bkrtcy.D.S.C.1995). One of the reasons supporting these opinions was that public policy dictates that such an account not be held exempt because it would allow a debtor to convert non-exempt cash to an exempt savings account on the eve of bankruptcy, such account being later revocable at the debtor's discretion.[5]

In those cases, this Court relied on the then prevailing authority, *In re Clark*, 711 F.2d 21 (3rd Cir.1983). In a recent decision, *In re Yuhas*, 104 F.3d 612 (3rd Cir.1997), the Third Circuit Court of Appeals, which found that a debtor's interest in an IRA was excluded from property of the estate pursuant to 11 U.S.C. § 541(c)(2)[6], stated in a footnote that its decision was fully consistent with *Clark*, so it appears that *Clark* remains the law of the Third Circuit. However, there has been criticism of the *Clark* decision, including the concurring opinion filed by Judge Becker who concurred with the result, but not with the method, as it did not provide protection for self-employed individuals. As Judge Becker stated in a footnote, "[p]erhaps Congress should focus its attention upon these matters; it may not have done so sufficiently when drafting the legislation." *In re Clark*, 711 F.2d at 24 fn. 3.

There are no Fourth Circuit Court of Appeals or Supreme Court opinions directly on

---

3. It should be noted that the parties have stipulated that the IRA is property of the estate and that the sole issue for this Court is whether the IRA may be exempted out of the estate. Therefore, because the parties did not raise the issue of whether the IRA may be excluded from the estate pursuant to 11 U.S.C. § 541(c), the Court need not decide that issue.

4. § 15–41–30(10)(E), Code of Laws of South Carolina (1976) states:
    The following real and personal property of a debtor domiciled in this State is exempt from attachment, levy and sale under any mesne or final process issued by any court or bankruptcy proceeding: ...
    (10) The debtor's right to receive—
    (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, unless

(i) the plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under the plan or contract arose;
(ii) the payment is on account of age or length of service; and
(iii) the plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

5. After bankruptcy the money could be withdrawn with a negligible penalty of ten per cent (10%). *See Lowe, supra* at 89.

6. Further references to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* shall be by section number only.

point; however, three recent cases from the Fifth, Ninth and Second Circuits, *In re Carmichael*, 100 F.3d 375 (5th Cir.1996), *In re Rawlinson*, 209 B.R. 501 (9th Cir. BAP 1997) and *In re Dubroff*, 119 F.3d 75 (2d Cir.1997), have interpreted § 522(d)(10)(E) (which contains nearly identical language to the South Carolina exemption statute) and have found that a present right to receive payments is not necessary in order to exempt an IRA.

In *Carmichael*, the Fifth Circuit noted that the wording of § 522(d)(10)(E) afforded no reason to exclude an otherwise exempt IRA just because there was no current right to receive payments from the IRA inasmuch as it is the debtor's right to receive payments, whether present or future, not the debtor's current right to receive the payment, that is exempt.

> Given the Trustee's obfuscation of the issue by arguing the question of "present payments," it is helpful to recognize the distinction between a debtor's right to receive a payment presently (the Trustee's contention) and a debtor's "right to receive ... a payment" (the plain words of the section) which includes both (1) a debtor's presently vested right to receive a payment in the future and (2) a debtor's right to receive a payment "presently," "currently," or "immediately." We decline the Trustee's invitation to read into the subject section of the Code a restriction to the right to receive payments presently, to the exclusion of a present right to receive payments in the future. The language of the section does not include words like "presently," "currently," or "immediately." Indeed, to infer such would be to exclude from consideration all deferred compensation and retirement accounts that have not yet ripened to current payment status. Again, that which is exempt is the right to receive payments, whether future or present, not merely the current receipt of payments.

*In re Carmichael*, 100 F.3d at 379. The reasoning in *Carmichael* was followed by the Bankruptcy Appellate Panel for the Ninth Circuit in interpreting a California exemption statute and the Second Circuit in interpreting a New York exemption statute.

The *Carmichael* court rejected the argument that the debtor's ability to receive the funds of her own will destroys exemptibility:

> As long as the right to receive a payment under a plan or contract can be triggered by one or more of the five listed events, and is therefore exemptible, the fact that payments can also be triggered by some additional factor—or absence of some additional factor—cannot destroy exemptibility.

Id. See also *In re Conner*, 73 F.3d 258, 260 (9th Cir.) (finding that for purposes of determining whether an ERISA-qualified plan account may be exempt under 541(c)(2) "[t]he Supreme Court appears to have discounted any distinction based on the debtors' control of their assets") (citing *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992)), cert. denied, —— U.S. ——, 117 S.Ct. 68, 136 L.Ed.2d 29 (1996).

*In re Rawlinson*, 209 B.R. at 507. *Also see In re Dubroff*, 119 F.3d 75 (2d Cir.1997). These circuit court opinions highlight Congress' concern for the preservation of retirement plans. In fact, the Ninth Circuit addressed the same situation currently before this Court.

> There are situations in which an IRA may hold significant assets. For instance, an employee may "roll-over" a company 401(k) plan account to an IRA at the end of employment. The Ninth Circuit has found that a 401(k) plan is not property of the estate. *In re Kincaid*, 917 F.2d 1162 (9th Cir.1990). Thus, if the trustee's contention were to prevail, a debtor who loses her job and moves her retirement funds out of her employer's 401(k) plan into an IRA would likely lose all of her retirement funds if she filed for bankruptcy.

*In re Rawlinson*, 209 B.R. at 505.

There is other criticism of the Third Circuit's *Clark* decision and its requirement that there be a current right to payments. The Bankruptcy Court for the District of Maine from within the First Circuit has declined to follow *Clark*.

Under this view, exempting a right to future payments goes too far, providing protection out of a "concern for the debtor's long term security which is absent from the statute." *In re Clark,* 711 F.2d at 23. See also, e.g., *Bohm v. Brewer (In re Brewer),* 154 B.R. 209, 213 (Bankr.W.D.Pa. 1993); *In re Chick,* 135 B.R. 201, 203 (Bankr.D.Conn.1991); *In re Heisey,* 88 B.R. at 51. Cf. *In re Velis,* 949 F.2d at 83 (affirming denial of exemption to 63–year-old debtor because payments were not reasonably necessary for support). Although this approach makes the exemption's application straightforward and simplifies the "reasonably necessary" analysis by limiting consideration to the debtor's existing circumstances, it is flawed for a number of reasons.

First, neither the Code nor Maine's statute limits the exemption to "present," "existing" or "immediate" payment rights. § 522(d)(10)(E); 14 M.R.S.A. § 4422(13)(E). See *In re Hall,* 151 B.R. at 425–27 (proper interpretation of statute demands that IRAs are "similar plans or contracts"); *In re Yee,* 147 B.R. at 625–26 (subject and purpose of § 522(d)(10)(E) look to the future); *In re Cilek,* 115 B.R. at 978–79. The exemption applies to a debtor's "right to receive" a payment. It is forward looking. See *In re Chiz,* 142 B.R. at 593; *In re Hickenbottom,* 143 B.R. at 933 (IRAs designed to function as a substitute for future earnings); *In re Miller,* 33 B.R. 549, 552–53 n. 8 (Bankr.D.Minn.1983) (referring to § 522(d)(10) legislative history and Uniform Exemption Act); *Warren v. Taff (In re Taff),* 10 B.R. 101, 107 (Bankr.D.Conn.1981) (setting aside amounts for "special needs" when debtor becomes elderly).

Second, the present right limitation would work inequitable, if not downright strange, results in many cases. The debtor who filed for relief at, say, age 59 would have no resort to the exemption, although one who waited until age 59 1/2 would be fully entitled to it, subject only to its "reasonably necessary" condition.

Third, characterizing asset accumulation for retirement as a matter of "long term security," e.g., *In re Clark,* 711 F.2d at 23, ignores the reality that, in most instances, individuals must save throughout their working years in order to have funds available for their retirement needs.

*In re Bates,* 176 B.R. 104 (Bkrtcy.D.Me. 1994).

The Bankruptcy Court for the Western District of Michigan, within the Sixth Circuit, has found that IRAs are exempt under § 522(d)(10)(E) to the extent reasonably necessary for support of the debtor [7] without regard to whether there is a current right to payments.

Given this opinion's limited focus and conclusion regarding the statute itself, factors such as "present right to receive," "control" and "benefits akin to future earnings" as addressed in other reported decisions are superfluous. Under the statute, this judge believes "control" is not important and the debtor's "right to payment" is not limited to "present" right as opposed to some conditional or future right. To the extent such factors may be relevant, this judge is unable to improve the complete and persuasive analysis of Judge Utschig in *American Honda Fin. Corp. v. Cilek (In re Cilek),* 115 B.R. 974 (Bankr.W.D.Wis. 1990).

Any concerns about whether a debtor is abusing the bankruptcy system by claiming a questionable IRA exemption may be easily addressed within the confines of the statute rather than by judicially created statutory gloss begetting such "tests" as "present right to payment" or "control". As examples, (1) the amount of an IRA exemption may be limited or nullified by the "reasonably necessary for support" element, or (2) a claimed exemption may be reduced or eliminated by the amount of an avoidable preferential transfer or fraudulent conveyance into the IRA or other plan. *Velis v. Kardanis,* 949 F.2d 78, 82 (3d Cir.1991) ("We believe it reasonable to

7. The South Carolina Statute does not include a requirement that funds be "reasonably necessary for support of the debtor".

conclude that Congress intended to provide protection against the claims of creditors for a person's interest in pension plans, unless vulnerable to challenge as fraudulent conveyances or voidable preferences.")

*In re Hall,* 151 B.R. 412, 427 fn. 39 (Bkrtcy. W.D.Mich.1993). One of the strongest criticisms of the *Clark* decision came from Judge Utschig of the Bankruptcy Court for the Western District of Wisconsin within the Seventh Circuit.

This Court finds no support in the cases cited by the Court of Appeals in *Clark* for a rule which denies exemptions under 11 U.S .C. § 522(d)(10)(E) unless the debtor is receiving payments at the time of filing. *In re Mendenhall,* [4 B.R. 127 (Bkrtcy. D.Or.1980)] supra, was decided under the Bankruptcy Act; *In re Richard Dale Clark,* [18 B.R. 824 (Bkrtcy.E.D.Tenn. 1982)] supra, was decided under the Tennessee exemption statute; and *Matter of Kochell,* [26 B.R. 86 (Bkrtcy.W.D.Wis. 1982)], supra, was decided on the basis that the pension plans in question were not reasonably necessary for the support of the debtor.

Unlike the Court of Appeals in *Clark,* this Court finds ample concern for the Debtor's long term security in the statute, the legislative history and the decisions of other courts. Both the subject of the statute (i.e., stock bonuses, pensions, profit-sharing plans and annuities) and the purpose of the statute (i.e., exemptions for the basic necessities) look to the future. Even the legislative history speaks of the future when it states: "Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318. Other courts have also found that Congress intended to look to the debtor's future needs as well as the debtor's current needs. *In re Miller,* 33 B.R. 549 (Bankr.D.Minn.1983); *In re Sheridan,* 38 B.R. 52 (Bankr.D.Vt.1983); *In re Flygstad,* 56 B.R. 884 (Bankr.N.D.Iowa 1986); *In re Grant,* 40 B.R. 612 (Bankr.N.D.Tex.1984); and *Matter of Boon,* 90 B.R. 988 (Bankr. W.D.Mo.1987).

*In re Cilek,* 115 B.R. 974 (Bkrtcy.W.D.Wis. 1990). *Clark* has also been criticized within the Eighth Circuit.

The fourth issue raised by the bank is whether the exemption under Iowa Code § 627.6(9)(e) applies only to present payments due under the profit sharing plan, not to the assets of the plan. This court finds the bank's position without merit. The debtors have "rights in a payment" under the plan regardless of when the payment may be due. This is clearly contemplated by the very nature of the exemptions in Iowa Code § 627.6(9). An interest in future payments necessarily includes an interest in the present assets from which those payments will be made. The exemption therefore applies to all the assets in the fund, not just present payments due. This conclusion is totally consistent with the discussion in *In re Graham,* 726 F.2d 1268 (8th Cir.1984). To the extent *In re Clark,* 711 F.2d 21 (3d Cir. 1983), may support a different conclusion, this court finds it unpersuasive.

*In re Pettit,* 57 B.R. 362 (S.D.Iowa 1985).

As stated previously, the Fourth Circuit Court of Appeals has not issued an opinion on this precise issue; however, the Fourth Circuit has emphasized the importance of retirement plans and IRAs and the interest of Congress in having individuals properly prepared for their retirement years which are the same concerns addressed in the decisions critical of the *Clark* opinion.

By requiring an otherwise eligible Chapter 13 debtor to withdraw such monies to fund a Chapter 13 plan, we would effectively undercut the very purpose of retirement and pension plans: to ensure that workers have sufficient funds with which to support themselves and their dependents during their retirement years. We agree with the Third Circuit that "Congress has expressed a deep and continuing interest in the preservation of pension plans, and in encouraging retirement savings, as reflected in the statutes which have given us ERISA, Keogh plans and IRAs," *Velis v. Kardanis,* 949 F.2d 78, 82 (3d Cir.1991). We decline to undercut this clear congres-

sional purpose by conditioning the availability of Chapter 13 relief on a debtor's agreement to withdraw funds from an IRA prior to the distribution date mandated by the Internal Revenue Code and its accompanying regulations.

*In re Neil Solomon, M.D.,* 67 F.3d 1128 (4th Cir.1995). While the issue in *Solomon* was whether to include funds in IRAs for purposes of the disposable income test in a Chapter 13 plan, we infer, from the Fourth Circuit's emphasis on the policy of encouraging retirement savings in the form of ERISA's, Keogh plans and IRAs, that the Fourth Circuit may follow the Second, Fifth, and Ninth Circuits in not differentiating between the present right to payments and the right to a payment in the future in determining the exemptibility of an IRA. Accordingly, we will follow the reasoning of the Second, Fifth, and Ninth Circuits and hold that a debtor need not have a present right to receive payments in order to exempt an otherwise qualified IRA pursuant to South Carolina Code § 15–41–30(10)(E)(Supp.1996).[8] Therefore, the Trustee's Objection to the allowance of the Debtor's claimed exemption in the Individual Retirement Account pursuant to South Carolina Code Ann. § 15–41–30(10)(E) is overruled.[9]

**AND IT IS SO ORDERED, EN BANC.**

---

8. The Court also notes that two Circuit Courts, the Third (the same circuit that issued the *Clark* decision) and Eleventh Circuits have recently found that IRAs, similar to qualified Employee Retirement Income Security Act ("ERISA") plans, never become property of the estate pursuant to § 541(c)(2), which provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." *See In re Meehan,* 102 F.3d 1209 (11th Cir.1997) and *In re Yuhas,* 104 F.3d 612 (3rd Cir.1997). Such an approach eliminates the issue of exemptibility. Inasmuch as the issue of whether such an IRA is not property of the estate was not raised before this

Court, but was the subject of a stipulation between the parties, the Court does not address this issue or these opinions.

9. Inasmuch as this Order overrules past precedents, this ruling shall apply in this case, all future cases and retroactively in any other case still open on direct review, which is not barred by procedural requirements or res judicata. *See* ·*James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), *Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) and *In re Pope,* 93–71473–D; Adv. Pro. No. 97–80205–W (Bkrtcy.D.S.C.12/15/97).