In re James A. BOOTH and Rosemary A. Booth, Debtors.

Stanley G. Makoroff, Chapter 7 Trustee, Movant,

v.

James A. Booth and Rosemary A. Booth, Respondents.

No. 05–27660 MBM.

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 13, 2005.

Stanley G. Makoroff, Blumling & Gusky, LLP, Pittsburgh, Pennsylvania for the trustee.

Scott E. Kasbee, for James and Rosemary Booth.

### MEMORANDUM OPINION

M. BRUCE McCULLOUGH,
Bankruptcy Judge.

Stanley Makoroff, the Chapter 7 Trustee for the above-captioned debtors (hereafter "the Trustee"), objects to the exemption by the instant debtors (hereafter "the Debtors") of an annuity (hereafter "the Annuity") and an investment retirement account (hereafter "the IRA") under 11 U.S.C. § 522(d)(10)(E). For the reasons set forth below, the Court overrules such objection by the Trustee and, accordingly, allows the Debtors' exemption of the Annuity and the IRA under § 522(d)(10)(E).

### STATEMENT OF FACTS

The Annuity is an American Skandia Variable Annuity valued at $60,800.73, and is owned solely by James Booth, one of the Debtors. The funds in the Annuity represent an amount that was rolled over from a 401(k) account that Mr. Booth maintained with his former employer. The Debtors

maintain that such rollover did not actually occur until late July 2005, or subsequent to the June 13, 2005 commencement of the instant bankruptcy case. The Trustee apparently disputes, at least at this time, whether such rollover occurred subsequent to June 13, 2005. The Debtors concede that Mr. Booth is not presently receiving a distribution from the Annuity; however, the Debtors contend, and the Court does not understand the Trustee to dispute, that Mr. Booth is presently entitled to withdraw amounts from the Annuity without penalty. The Debtors initially sought to exclude the Annuity from their bankruptcy estate via 11 U.S.C. § 541(c)(2), but now rest primarily on the position that the Annuity may be exempted in full pursuant to § 522(d)(10)(E).

The IRA is a PNC Investment Retirement Account valued at $5,835.00, and is owned solely by Rosemary Booth, the other of the Debtors. The Debtors concede that Mrs. Booth is not presently receiving a distribution from the IRA.

At the hearing on the Trustee's objection to the Debtors' exemptions, the Court inquired of the parties whether any factual disputes remained for resolution. The Debtors answered in the negative, and the Trustee merely responded by pointing out that he disputed the specifics of Mr. Booth's rollover into the Annuity.

Accordingly, the Court does not understand the Trustee to contest that Mr. Booth (a) is presently sixty (60) years old, (b) is permanently disabled, (c) is so disabled because he has had, due to his diabetic condition, one leg amputated below the knee and half of the foot on the other leg amputated, and (d) is likely unemployable during the remaining years before he attains the retirement age of sixty-five (65) years due to the foregoing disability. The parties agree that Mr. Booth's sole present income is that which is reflected on the Debtors' Bankruptcy Schedule I, or net monthly income of $3,433.24 from disability insurance. The Court does not understand the Trustee to dispute that Mr. Booth's net monthly income will drop substantially in roughly five years when (a) he reaches age 65, (b) his disability payments cease, and (c) he begins to draw social security.

The Court also does not understand the Trustee to contest that Mrs. Booth (a) is presently fifty-four (54) years old, (b) presently earns but $522.01 per month on a net basis as a secretary (as reflected on the Debtors' Bankruptcy Schedule I), and (c) owns an additional retirement account—a TIAA–CREFF account—with a present balance of $9,400, which account is excluded from the Debtors' bankruptcy estate via § 541(c)(2).

The Debtors' Bankruptcy Schedule I reflects combined net monthly income of $3,955.25, and the Debtors' Bankruptcy Schedule J reflects monthly household expenses of $3,863.00. The Court does not understand the Trustee to dispute that the Debtors presently incur, on a monthly basis, those expenses that are set forth in their Schedule J.

### DISCUSSION

The Debtors contend that, and the Trustee disputes whether, the funds that presently reside in the Annuity resided on the commencement date of the instant bankruptcy case in a 401(k) account that was excludable from the Debtors' bankruptcy estate via § 541(c)(2). The Court concludes that it may dispense with resolution of such dispute because, even if the Annuity is not so excludable via § 541(c)(2), the Annuity can be exempted in full via § 522(d)(10)(E).

The Trustee contests whether the Annuity and the IRA may be exempted via

§ 522(d)(10)(E) primarily on the ground that neither of the Debtors are receiving a distribution therefrom at the present time. The Trustee rests his position as just stated on the Third Circuit's decision in *In re Clark*, 711 F.2d 21 (3rd Cir.1983), and certain of the cases that rely thereon. The Trustee perhaps also objects to the Debtors' exemptions on the ground that the Annuity and the IRA are not reasonably necessary for the support of the Debtors. The Trustee, as the party objecting to the Debtors' exemptions, bears the burden of showing that the Debtors are not entitled to such exemptions. *See In re Brown*, 165 B.R. 512, 514 (Bankr.M.D.Fla.1994); *In re Frederick*, 183 B.R. 968, 970 (Bankr. M.D.Fla.1995).

█ As an initial matter, the Trustee does not dispute, and the Court summarily holds in any event, that the Annuity and the IRA are plans/contracts of the type that generally bear payments that may be exempted under § 522(d)(10)(E). Furthermore, the Court reads *Clark* and persuasive cases that rely thereon to hold, in contrast to the Trustee's present position, that "the pertinent inquiry [under § 522(d)(10)(E) regarding the potential for exemption] is not whether ... [a] debtor is presently receiving payments from a retirement plan or contract but ... whether the debtor is presently *entitled to receive* said payments" on account of, for instance, age or disability. *In re Gralka*, 204 B.R. 184, 189 (Bankr.W.D.Pa.1997) (emphasis added) (citing *Velis v. Kardanis*, 949 F.2d 78, 82 (3rd Cir.1991), *aff'g in part, rev'g in part*, 123 B.R. 497 (D.N.J.1991)). Applying the foregoing law to the instant matter, the Annuity is potentially exemptible via § 522(d)(10)(E) because Mr. Booth is presently entitled to receive payments therefrom without penalty, presumably on the basis of disability if not age, even though

he is not presently receiving the same. Moreover, the Court holds that the portion of *Clark* relevant to a resolution of the instant matter has essentially been overruled by the U.S. Supreme Court's recent decision in *Rousey v. Jacoway*, —— U.S. ——, 125 S.Ct. 1561, 161 L.Ed.2d 563 (U.S. 2005).[1] The Court so holds because, "[a]lthough the Supreme Court did not specifically reject (or even consider) ... [the *Clark* court's] interpretation of § 522(d)(10)(E) in *Rousey v. Jacoway*, its opinion [in *Rousey*] leaves no room for th[e] interpretation [in *Clark*]." Supreme Court Holds that IRAs are Exemptible Under Code § 522(d)(10)(E), 25 No. 5 *Bankruptcy Law Letter* 1 (May 2005) (quotation found in last paragraph of text prior to final heading in the article); *see also* Arthur H. Boelter, 2 *Representing the Bankrupt Taxpayer* § 9:21 (2005), at n. 29 ("the split in the circuits[, including that engendered by the Third Circuit's decision in *Clark*,] should be resolved following the U.S. Supreme Court acceptance of certiorari in the case of *Rousey v. Jacoway*"). Therefore, it matters not when considering whether the Annuity and the IRA may be exempted under § 522(d)(10)(E) whether the Debtors are receiving, or are presently entitled to receive, payments therefrom.

█ Consequently, the lone factual issue that must be decided in the instant matter is whether the Annuity and the IRA are reasonably necessary for the support of the Debtors. Pertinent to a resolution of such issue are the factors set forth by the Court in *Gralka:*

(1) debtor's present and anticipated living expenses;

(2) debtor's present and anticipated income from all sources;

---

1. The Supreme Court's decision in *Rousey* was rendered on April 4, 2005.

(3) the age of the debtor and his dependents;

(4) the health of the debtor and his dependents;

(5) debtor's ability to earn a living;

(6) debtor's job skills, training and education;

(7) debtor's other assets, including exempt assets;

(8) the liquidity of other assets;

(9) debtor's ability to save for retirement;

(10) the special needs of the debtor and his dependents; and

(11) debtor's continuing financial obligations, e.g., alimony or support payments.

*Gralka*, 204 B.R. at 190 (quoting *In re Cauvel*, 146 B.R. 166, 167 (Bankr.W.D.Pa. 1992)). Applying the preceding law to the instant matter, the Court finds that nearly all, if not all, of the foregoing factors support a conclusion that the Annuity and the IRA are reasonably necessary for the support of the Debtors.

■ In particular, the health and age of Mr. Booth is such that he is practically, if not actually, retired; put differently, he has little ability to either earn a living or to save for retirement going forward. Moreover, his disability payments will cease in several years, after which his monthly income will substantially shrink. All of the foregoing is to be considered against the backdrop of likely substantial medical costs that Mr. Booth can be expected to incur in the future to address his disability, as well as the fact that neither he nor Mrs. Booth presently possess substantial additional assets to satisfy such costs.

As for Mrs. Booth, she presently earns a salary that can only be described as minimal at best. Furthermore, given her present age, the Court cannot find that Mrs.

Booth's ability to earn a living or to save for retirement will significantly improve in the years prior to her retirement. Additionally, and as set forth in the preceding paragraph, what Mrs. Booth earns and those relatively minimal assets that she possesses must not only be applied toward her own sustenance but that of Mr. Booth as well.

Regarding the Debtors' present expenses as set forth in their Schedule J, the same are within $100 on a monthly basis of the Debtors' present monthly income. Although the Court could quarrel with certain of such monthly expenses—such as the $225 for recreation and $175 for charitable contributions—the Court concludes that such expenses generally cannot be reduced, and finds that the bulk of such expenses will not subside at any time going forward, so as to make unnecessary for the Debtors' support either the Annuity or the IRA.

Therefore, the Court concludes that the Annuity and the IRA are reasonably necessary for the support of the Debtors.

### CONCLUSION

In light of all of the foregoing, the Court overrules the Trustee's objection to the Debtors' exemption of the Annuity and the IRA and, accordingly, allows the Debtors' exemption of the Annuity and the IRA under § 522(d)(10)(E).

### ORDER OF COURT

**AND NOW,** this **13th day** of **October, 2005,** for the reasons set forth in the accompanying Memorandum Opinion of the same date, it is hereby ORDERED, AD-JUDGED, AND DECREED that

(a) the Trustee's objection to the Debtors' exemption of the Annuity and the IRA—as those terms are described in greater detail in the at-

tached Memorandum Opinion—is OVERRULED, and

(b) the Debtors' exemption of the Annuity and the IRA are accordingly ALLOWED under § 522(d)(10)(E).