**In re Timothy P. DELANEY and Janet B. Delaney, Debtors.**

**No. 99–11716.**

United States Bankruptcy Court.
D. Vermont.

Dec. 11, 2000.

Raymond J. Obuchowski, Obuchowski Law Office, Bethel, for the trustee.

Gleb Glinka, Glinka and Schwidde, Cabot, for the Debtors.

### MEMORANDUM OF DECISION SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTION

COLLEEN A. BROWN, Bankruptcy Judge.

This matter is before this Court on the chapter 7 Trustee's objection to Janet Delaney's exemption of certain non-qualified annuities, claimed pursuant to 12 V.S.A. § 2740(19)(J). For the reasons set forth below, the Trustee's objection is sustained and the exemption is disallowed.

### JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

### FACTS

On or about December 28, 1999, the debtors, Timothy P. Delaney and Janet B. Delaney, filed a voluntary petition for relief under chapter 7 of Title 11 U.S.C. (the Bankruptcy Code). Raymond J. Obuchowski was appointed Trustee. The debtors had originally claimed an exemption in a "Pension: Qualified Annuities in Fortis" in the amount of $58,991.72 pursuant to 12 VSA § 2740(19)(J). The *Trustee's Objections to Claims of Exemptions* ("Trustee's Objections") was filed on March 30, 2000 and challenged, *inter alia*, the exemptions being asserted by the debtors in certain annuity accounts. The Fortis December, 1999 statement of accounts provided to the Trustee shows that at least $13,235.30 of these funds are labeled "Non–Qualified" as follows: contract no. 519570GRO in the amount of $7,463.44, contract no.

519570DMC in the amount of $2,889.76, and contract no. 519570SCV in the amount of $2,882.10.

On July 6, 2000, the debtors amended their Schedule C to claim only the foregoing "non-qualified" Fortis accounts in the amount of $13,235.30 as exempt under § 2740(19)(J). The remaining Fortis accounts valued at $45,756.42, and an Equitable Life tax-sheltered annuity in the amount of $2,346.22, are claimed as "Qualified" and exempt pursuant to 12 VSA § 2740(16).

The parties filed a *Stipulation on Trustee's Objections to Debtor's Exemptions* dated May 9, 2000. The Trustee's *Motion to Approve Stipulation of Settlement* dated June 9, 2000 was approved by the Court on July 17, 2000. The Stipulation essentially provides that all of the Trustee's objections to the debtors' claimed exemptions were resolved, and hence withdrawn, pursuant to a monetary settlement, with the exception of the Trustee's objection to the non-qualified annuities totaling $13,235.30, claimed as exempt under § 2740(19)(J).

On July 17, 2000, the parties jointly filed a *Stipulation of Facts*. The Trustee and the debtors each filed a *Memorandum of Law*, on August 1, 2000. The debtors filed a *Reply Memorandum Opposing Trustee's Objections to Exemption* on August 15, 2000.

The gravamen of the Trustee's Objection is that § 2740(19)(J) protects as exempt only the present right to receive payments under a pension or annuity plan, and not the entire corpus [1]. The debtors contend that this statute exempts, to the extent reasonably necessary, the debtor's right to receive not only present payments, if any, but also future payments under an

---

1. The Trustee also asserts that the subject annuities fail to satisfy § 2740(19)(J) because both the payment commencement date and withdrawal of corpus appears to be at the debtors' discretion; thus future payments are

likewise not on account of the qualifying circumstances delineated in the statute. However, because I find that the claimed exemption is otherwise deficient, the additional grounds asserted need not be addressed.

annuity, and therefore effectively shelters the entire corpus of the fund[2].

## DISCUSSION

The debtors own three non-qualified annuity accounts with a reported value of $13,235.30 that they seek to exempt from the bankruptcy estate pursuant to the provisions of Vermont law [12 V.S.A. § 2740(19)(J)]. The Chapter 7 Trustee maintains his objection to the debtors' exemption of these annuities on various grounds. Based upon the matters submitted by the parties and applicable state and federal law, I conclude that § 2740(19)(J) is available as an exemption only to the extent that the debtor is eligible at the time of the bankruptcy filing to draw benefits from these annuities on account of one of the factors enumerated in the statute (i.e., death, disability, illness, or retirement from or termination of employment), and then only to the extent that those benefits are reasonably necessary for the support of the debtor.

Section 2740(19)(J) provides in pertinent part:

The goods or chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution, unless turned out to the officer to be taken on the attachment or execution, by the debtor ... property traceable to or *the debtor's right to receive,* to the extent reasonably necessary for the support of the debtor and any dependents of the debtor ... *payments under a pension, annuity, profit-sharing, stock bonus, or similar plan or contract on account of death, disability, illness, or retirement from or termination of employment.* (Emphasis added.)

■ There is no case law addressing the application of this particular Vermont statute. However, its federal counterpart, 11 U.S.C. § 522(d)(10)(E), is substantially similar to 12 V.S.A. § 2740(19)(J) and the applicable federal case law construing this provision has guided my analysis herein. *See In re Parrotte,* 22 F.3d 472, 474 (2nd Cir.1994)(utilizing federal cases examining federal bankruptcy law to assist in interpreting substantially similar Vermont exemption statute).

The debtors define the issue as being whether their "interest" in the subject non-qualified annuities is exempt under Vermont law. However, nothing in § 2740(19)(J) indicates that it is the debtors' interest in the annuities which is subject to exemption. Rather, § 2740(19)(J) specifically limits the exemption to the "debtor's right to receive ... payment under a[n] ... annuity" or similar plan on account of certain delineated adverse events. In light of the fact that the Vermont legislature used the word "interest" in describing seven of the exemption categories, *including* the exemption for qualified annuities and similar plans [*see* 12 V.S.A. §§ 2740(1), (2), (4), (5), (7), (15) and (16) ], but did not use it in subsection (19)(J), it is reasonable to conclude that the Vermont legislature did not intend to define the debtor's exemption of non-qualified annuities in the same way as it defined the other seven categories of exemption. In (19)(J) the Vermont legislature spoke of payments, rather than an interest. If it had intended to exempt the debtor's interest in such assets, why would the legislature not have referred to the debtor's interest here as it did in the other seven subsections?

■ A fundamental rule of statutory construction is that the language being interpreted must be evaluated in the context of the statute, and not in isolation. *See Beecham v. United States,* 511 U.S. 368, 372, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). A plain reading of the Vermont

---

**2.** It should also be noted that the parties have agreed to reserve the issue of whether the annuities are "reasonably necessary for the support of the debtor" pending this ruling on the threshold determination of exemption applicability.

statutory scheme indicates that it is not the plan or contract that is the subject of exemption, but rather only the right to receive a payment from the plan. *Cf. In re Carmichael,* 100 F.3d 375, 377 (5th Cir. 1996); *see also In re Dale,* 252 B.R. 430, 433–35 (Bankr.W.D.Mich.2000). The debtors were not receiving payments or otherwise eligible at the time of the bankruptcy filing to draw benefits under the subject annuities on account of illness, disability and the like. The debtors did not have the present right to receive payments as of the filing date. I find that in order for the subject annuities to be exempt under § 2740(19)(J) the debtor must be receiving or be entitled to receive payments as of the date of the bankruptcy filing. Moreover, since it is not possible to ascertain if or when the debtors will be entitled to receive payments, or for how long, any computation of the projected portion of these accounts that is reasonably necessary for the support of the debtor would be entirely speculative. I find it difficult to believe the Vermont Legislature intended enforcement of this exemption to require such boundless speculation, and that would be inevitable if the debtors' position were adopted. *See In re Dale,* 252 B.R. at 438 (discussing the otherwise inherent difficulties of ascertaining reasonable necessity of funds as related to future undeterminable circumstances and providing an excellent analysis of the competing statutory construction arguments).

It appears that this case raises a matter of first impression in this District. Although the debtors refer to three Second Circuit cases, I find them to be inapposite. *Dubroff v. First National Bank of Glens Falls,* 119 F.3d 75 (2d Cir.1997), which cites *Matter of Carmichael supra* for other reasons, discusses the criteria for exemption of an IRA under New York's distinctive exemption statute, and does not address the issue of a present right to payment. *In re Parrotte,* 22 F.3d 472 (2d Cir.1994) deals with the appropriate interpretation of the "tools of trade" exemption under Vermont law, and is not directly relevant to resolution of the instant objection. Similarly, the case of *In re Meehan,* 162 B.R. 367 (Bankr.S.D.Ga.1993), *aff'd,* 173 B.R. 818 (S.D.Ga.1994) raised in the Trustee's Objections and discussed by both parties in their legal briefs is not helpful [and was subsequently reversed on other grounds in *In re Meehan,* 102 F.3d 1209 (11th Cir.1997) ].

I believe that the better reasoned interpretation of § 2740(19)(J) compels a construction based on the plain meaning of the statute, the entire exemption scheme, the practical consequences of the competing interpretations and an appropriate balance between the debtor's right to a fresh start and the creditors' right to liquidation of non-essential assets. *See In re Clark,* 711 F.2d 21 (3d Cir.1983); *In re Dale,* 252 B.R. 430 (Bankr.W.D.Mich.2000); *In re Eisan,* 181 B.R. 848 (Bankr.D.S.C.1995); *In re Cesare,* 170 B.R. 37 (Bankr.D.Conn. 1994); *In re Chick,* 135 B.R. 201 (Bankr. D.Conn.1991); *see also In re Pauquette,* 38 B.R. 170 (Bankr.D.Vt.1984)(citing *In re Clark* for an analogous ruling).

Based on the foregoing, the Trustee's objection to the debtors' exemption of non-qualified annuities pursuant to 12 V.S.A. § 2740(19)(J) as set forth in Amended Schedule C is SUSTAINED and the exemption in the aggregate amount of $13,235.30 is DISALLOWED.