**In re Timothy P. DELANEY, Janet B. Delaney, Debtors.**

**Timothy P. Delaney, Janet B. Delaney, Appellants,**

**v.**

**Raymond J. Obuchowski, Appellee.**

No. 2:01–CV–26.

United States District Court, D. Vermont.

Aug. 21, 2001.

**58**

Jess Thomas Schwidde, Glinka & Schwidde, Rutland, VT, Gleb Glinka, Glinka & Schwidde, Cabot, VT, for appellants.

Raymond J. Obuchowski, Bethel, VT, pro se.

Kevin Jay Purcell, Office of U.S. Trustee, Albany, NY, United States Trustee.

## OPINION AND ORDER

SESSIONS, District Judge.

Timothy P. and Janet B. Delaney ("Debtors" or "the Delaneys") appeal from the decision of the United States Bankruptcy Judge of the District of Vermont, Colleen A. Brown, sustaining the objection by Raymond J. Obuchowski ("Obuchowski") to Janet Delaney's exemption of certain non-tax-qualified annuities pursuant to title 12, section 2740(19)(J) of the Vermont Statutes. For the reasons below, the Bankruptcy Judge's decision is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.

## I. Background

The facts relevant to this appeal, to which the parties have stipulated, are not in dispute.[1] On or about December 28, 1999, Debtors filed a voluntary petition for bankruptcy relief under Chapter 7, Title 11, of the United States Code. Obuchowski was appointed interim trustee.

In their amended Schedule C filed on July 6, 2000, Debtors claimed an exemption for Janet Delaney's interest in an annuity in the amount of $13,235.30 under title 12, section 2740(19)(J) of the Vermont Statutes.[2] Trustee filed a "Motion to Approve Stipulation of Settlement" on June 9, 2000, which Judge Brown approved on July 17, 2000. That stipulation provides, in essence, that all of Trustee's objections to Debtors' claimed exemptions were resolved (and thus withdrawn) pursuant to a settlement, with the exception of Trustee's objection to the claimed exemption of Janet Delaney's interest in the annuity under section 2740(19)(J).

In a written decision, Judge Brown sustained Obuchowski's timely objection, disallowing the Delaneys' claimed exemption under section 2740(19)(J). *See In re Delaney*, 258 B.R. 593 (Bankr.D.Vt.2000). This appeal followed.

## II. Discussion

■ Because the question before the Court is one of statutory interpretation, the standard of review is *de novo*. *See Gen. Motors Acceptance Corp. v. Valenti (In re Valenti)*, 105 F.3d 55, 59 (2d Cir. 1997).

■ The sole issue presented by this appeal is whether a debtor's right to re-

1. The parties do seem to dispute the circumstances under which the annuities in question here are payable. Obuchowski contends that the Debtors can withdraw the funds whenever they want without penalty. The Debtors, however, insist that the annuities are only payable when the beneficiary reaches age 59½ or becomes disabled; like many (if not all) annuities, IRAs, and other self-directed retirement plans, the funds can also be withdrawn early, but in that case the Debtors would have to pay a 10% penalty. The circumstances under which the annuities are payable, however, are relevant to whether the annuities are

"on account of" the enumerated factors in the statute, an issue that the Bankruptcy Judge so far has declined to address. *See In re Delaney*, 258 B.R. 593, 594 n. 1 (Bankr.D.Vt. 2000). Thus, this factual dispute is not relevant to the narrow issue presented by this appeal.

2. A debtor in Vermont may elect either federal or state exemptions under 11 U.S.C. § 522(b)(1) and (2). The Delaneys elected the Vermont exemptions.

ceive payments in the future from an annuity can be subject to exemption under section 2740(19)(J). That is, the Court must decide whether section 2740(19)(J) exempts only annuity payments that are currently in payment status, or whether it can also exempt a debtor's right to receive payments *at a future date* from the annuity fund.

Section 2740 provides, in relevant part: The goods or chattels of a debtor may be taken and sold on execution, except the following articles, which shall be exempt from attachment and execution . . . :

. . .

(19) property traceable to or *the debtor's right to receive,* to the extent reasonably necessary for the support of the debtor and any dependents of the debtor:

. . .

(J) *payments under a* pension, *annuity,* profit-sharing, stock bonus, or similar plan or contract on account of death, disability, illness, or retirement from or termination of employment.

Vt. Stat. Ann. tit. 12, § 2740 (Supp.2000) (emphasis added). The Bankruptcy Judge ruled that the exemption did not apply, holding that "in order for the subject annuities to be exempt under § 2740(19)(J) the debtor must be receiving or be entitled to receive payments as of the date of the bankruptcy filing." *Delaney,* 258 B.R. at 596.

Judge Brown articulated two primary rationales for this ruling. First, she reasoned that because the legislature declined to use the word "interest" (but instead used "right to receive") in section 2740(19)(J), it must not have intended to "define the debtor's exemption of non-qualified annuities in the same way as it defined the other seven categories of exemption" in which the word "interest" is used (i.e., title 12, section 2740(1), (2), (4), (5), (7), (15), and (16)). *Id.* at 595. Second, Judge Brown reasoned that

since it is not possible to ascertain if or when the debtors will be entitled to receive payments, or for how long, any computation of the projected portion of these accounts that is reasonably necessary for the support of the debtor would be entirely speculative. I find it difficult to believe the Vermont Legislature intended enforcement of this exemption to require such boundless speculation, and that would be inevitable if the debtors' position were adopted.

*Id.* at 596.

Having decided that section 2470(19)(J) cannot apply to annuities from which the debtor is not yet entitled to begin receiving payments (at least without paying a penalty), Judge Brown declined to rule on the other issue raised by Obuchowski, that is, whether the annuities are "on account of death, disability, illness, or retirement from or termination of employment," tit. 12, § 2740(19)(J).[3] *See Delaney,* 258 B.R. at 594 n. 1. Judge Brown also did not rule on the issue, which the parties agreed to reserve until after a final ruling on the threshold determination of whether the exemption applies, of whether and to what extent the annuity funds are "reasonably necessary for the support of the debtor and any dependents of the debtor," tit. 12, § 2740(19)(J). *See Delaney,* 258 B.R. at 595 n. 2.

---

**3.** The Debtors argue that Obuchowski failed to preserve this issue pointing to the parties' stipulation that "[t]he basis of the Trustee's objection is that [section] 2740(19)(J) protects only certain 'payments' under a pension or annuity as being exempt, not an entire pension 'corpus.' " Stip. of Facts ¶ 7, *in* Appellant's R. on Appeal (Paper 3). Thus, in their pleadings, Debtors did not address the merits of Obuchowski's argument on this point.

■ Although it appears that no federal or state court in Vermont had ever addressed the meaning of section 2740(19)(J) prior to Judge Brown's ruling in this case, there has been case law addressing the issue presented as it has arisen under 11 U.S.C. § 522(d)(10)(E),[4] the federal statute most similar to section 2740(19)(J).[5] The Third Circuit found that § 522(d)(10)(E) did not exempt future payments under an annuity, reasoning that the general purpose of exemption provisions is to give debtors a "fresh start." *See Clark v. O'Neill (In re Clark)*, 711 F.2d 21, 23 (3d Cir.1983). The *Clark* court believed that while the exemption of present payments was consistent with this goal, the exemption of future payments "demonstrates a concern for the debtor's long-term security which is absent from the statute." *Id.*

The Fifth Circuit and Bankruptcy Appellate Panel of the Ninth Circuit,[6] however, disagreed with both the result and the reasoning in *Clark. See Carmichael v. Osherow (In re Carmichael)*, 100 F.3d 375 (5th Cir.1996); *Rawlinson v. Kendall (In re Rawlinson)*, 209 B.R. 501 (9th Cir. BAP 1997). Both *Carmichael* and *Rawlinson* held that the exemption in § 522(d)(10)(E) of the United States Bankruptcy Code applied to IRAs which had not yet ripened to payment status at the time of bankruptcy filing. The court in *Carmichael* stated that "it is not the plan or contract that either is or is not exempt, but the *right* to *receive* a *payment* from a plan or contract ... that will enjoy exemption." 100 F.3d at 377. The court reasoned:

> it is helpful to recognize the distinction between a debtor's right to receive a payment presently (the Trustee's contention) and a debtor's "right to receive ... a payment" (the plain words of the section) which includes both (1) a debtor's *presently* vested right to receive a payment *in the future* and (2) a debtor's right to receive a payment "presently," "currently," or "immediately." We decline the Trustee's invitation to read into the subject section of the Code a restriction to the right to receive payments presently, to the exclusion of a present right to receive payments in the future. The language of the section does not include words like "presently," "currently," or "immediately." ... Again, that which is exempt is the *right* to receive payments, whether future or present, not merely the current receipt of payments.

*Id.* at 379–80.

Furthermore, in *Am. Honda Fin. Corp. v. Cilek (In re Cilek)*, 115 B.R. 974 (Bankr.

---

4. 11 U.S.C. § 522(d)(10)(E) exempts
   [t]he debtor's right to receive—a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
   (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
   (ii) such payment is on account of age or length of service; and
   (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1986 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).
   11 U.S.C.A. § 522(d)(10)(E) (West 2001).

5. When there is no case law interpreting a Vermont bankruptcy statute, it is proper for the Court to look to cases interpreting bankruptcy statutes "which have language similar to the language of the Vermont statute." *Parrotte v. Sensenich (In re Parrotte)*, 22 F.3d 472, 474 (2d Cir.1994).

6. In their pleadings, Debtors erroneously characterize *Rawlinson* as having been decided by the Court of Appeals for the Ninth Circuit (although they give the proper citation). *See* Br. of Appellant at 6 (Paper 4).

W.D.Wis.1990), upon which the panel in *Rawlinson* relied, *see* 209 B.R. at 506, 508, the bankruptcy court disagreed with *Clark* that the policy underlying exemption statutes was inconsistent with exemption of the right to future payments:

> Unlike the Court of Appeals in *Clark*, this Court finds ample concern for the Debtor's long term security in the statute, the legislative history and the decisions of other courts. Both the subject of the statute (i.e., stock bonuses, pensions, profit-sharing plans and annuities) and the purpose of the statute (i.e., exemptions for the basic necessities) look to the future. Even the legislative history speaks of the future when it states: "Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor." Other courts have also found that Congress intended to look to the debtor's future needs as well as the debtor's current needs.

*Cilek*, 115 B.R. at 978–79 (citation and footnote omitted).

This Court agrees with *Carmichael*, *Rawlinson*, *Cilek*, and other lower court decisions construing § 522(d)(10)(E) or state statutes like it, *see, e.g., Jurgensen v. Chalmers*, 248 B.R. 94, 97–98 (W.D.Mich. 2000); *In re Outen*, 220 B.R. 26, 31 (Bankr.D.S.C.1998) (per curiam) (en banc); *In re Bates*, 176 B.R. 104, 108–09 (Bankr. D.Me.1994); *In re Pettit*, 57 B.R. 362, 363 (S.D.Iowa 1985), that have held that both a plain reading of this type of exemption statute and the policies underlying it compel the conclusion that it can apply to future as well as present income.

■ In making this determination, the Court relies on a number of factors. First, it notes that in Vermont, as in most (if not all) jurisdictions, exemption statutes are considered to be remedial in nature and thus ought to receive a liberal construction in favor of debtors. *See Par-*

*rotte*, 22 F.3d at 474; *In re Rule*, 38 B.R. 37, 41 (Bankr.D.Vt.1983); *In re McQueen*, 21 B.R. 736, 738 (Bankr.D.Vt.1982) (relying on the "universal rule that exemption statutes should receive a liberal construction in favor of those intended to be benefited"); *see also Leavitt v. Metcalf*, 2 Vt. 342, 1829 WL 1107, at *1 (1829) (exemption statute "must be liberally expounded in favor of humanity"). Thus, to the extent the statute at issue here is ambiguous, its ambiguity should be resolved in favor of the Delaneys.

With that mandate in mind, the Court concludes that the plain language of the statute does not limit the debtor's "right to receive" to payments to which the debtor is currently entitled, a limitation the legislature could easily have imposed if, as *Carmichael* reasoned, it had modified "right to receive" with words like "presently," "currently," or "immediately." Significantly, moreover, it is clear from the enactment of title 12, section 2740(16) of the Vermont Statutes (exempting tax-qualified self-directed retirement plans) that the Vermont legislature, in creating the bankruptcy laws, was concerned with the debtor's long-term security. Further, section 2740(19)(J) prevents abuse by debtors (i.e., funneling assets into an annuity in anticipation of bankruptcy) by requiring the bankruptcy court to determine the extent to which the funds are reasonably necessary for the support of the debtor and his dependents. This requirement "work[s] as a safeguard to prevent debtors from stashing away assets in fraud of creditors, thereby ensuring that the proverbial shield cannot be used as a sword." *Carmichael*, 100 F.3d at 380. Finally, the Court has concerns about the disparate impact of disallowing exemptions for future income under section 2740(19)(J) on self-employed individuals, whose retirement accounts, unlike those of non-self-employed persons,

are almost always (if not always) included in the bankruptcy estate. *Accord Clark,* 711 F.2d at 23–24 (Becker, J., concurring).

The Court respectfully disagrees with Judge Brown's reliance on the distinction between the words "interest," as used in subsections 2740(1), (2), (4), (5), (7), (15), and (16), and "right to receive," used in subsection (19). Because subsection (19) addresses a variety of types of income streams (such as social security benefits) to which the word "interest" would not seem applicable, the Court does not believe that the legislature's use of the phrase "right to receive" was intended to prevent debtors from exempting any and all annuities under subsection (19)(J) that are not in current payment status.

The Court sympathizes with Judge Brown's concerns about the difficulty of calculating the value of the debtor's right to receive payment "on account of" the enumerated factors in the statute. Unfortunately, however, that appears to be the quandary that the Vermont legislature (like other legislatures around the country, including Congress) has left bankruptcy courts to muddle through. Such calculations may be aided by the testimony of expert witnesses who can try to pinpoint the present value of such funds. In any event, despite the difficulties involved, the Court feels that disallowing debtors to exempt future income streams under section 2740(19)(J) as a general rule could in many cases have unfair results, and deprive debtors of future income streams that are genuinely necessary for their support.

Further, in ruling the way the Court does today, it hopes to provide the most flexibility to bankruptcy judges to weigh equities and promote justice on a case-by-case basis. Rather than depriving bankruptcy judges across-the-board of discretion to allow exemptions under section 2740(19)(J), under today's ruling, bankruptcy judges (or the parties through negotiation) will be able to consider the relative merits of each case and the necessity of the funds at issue. This sort of flexibility, the Court believes, is essential to fulfillment of the policies underlying bankruptcy law.

Although the Court holds that section 2740(19)(J) can apply to exempt annuities that have not yet ripened to payment status, there are still important questions left to be determined before Debtors can claim as exempt the $13,235.30 at issue here. Obuchowski has argued that, even if there is no requirement that the annuity be currently in payment status for the exemption to apply, the annuities in question here "fail the second part of the exemption test," Br. of Appellee at 7 (Paper 5), i.e., they are not "on account of death, disability, illness, or retirement from or termination of employment," § 2740(19)(J). The Bankruptcy Court found it unnecessary to address this issue, having disallowed the exemption on other grounds. *See Delaney,* 258 B.R. at 594 n. 1. Moreover, it is unclear whether Obuchowski timely preserved his right to object on this basis. *See* Reply Br. of Appellant at 5 n. 8 (Paper 7); Stip. of Facts ¶ 7 (stipulating that "[t]he basis of the Trustee's objection is that [section] 2740(19)(J) protects only certain 'payments' under a pension or annuity as being exempt, not an entire pension 'corpus' "). Thus, the Court remands the case to the Bankruptcy Court to determine, first, whether this objection was preserved, and if so, whether the annuities at issue here qualify for exemption based on the circumstances under which they are payable. Also remaining to be determined is to what extent the funds are reasonably necessary for the support of the debtors or their dependents.

## III. Conclusion

Wherefore, the Court **REVERSES** the decision of the Bankruptcy Judge and **RE-**

**MANDS** for further proceedings consistent with this opinion.